

MAILING ADDRESS:

P. O. BOX 1569
HOUMA, LA 70361-1569

MAIN OFFICE: (985) 868-5660
OFFICE FAX: (985) 868-5143

PHYSICAL ADDRESS:

7856 MAIN ST.
HOUMA, LA 70360

(1ST FLOOR OLD COURTHOUSE BLDG.)

www.terrebonneclerk.org

**THERESA A. ROBICHAUX**
CLERK OF COURT

# UNITED STATES OF AMERICA
# STATE OF LOUISIANA
# PARISH OF TERREBONNE

I, the undersigned Clerk of the Thirty-Second Judicial District Court of the State of Louisiana, in and for the Parish of Terrebonne, do hereby certify that the within and foregoing ____76____ pages is a true and correct copy of the record titled:

## KISHA T. BOUDREAUX, ET AL

Vs.

## TRANSPORTATION INSURANCE COMPANY, ET AL

and bearing docket no. ____184584____ of the Civil Docket of this said Court.

**I FURTHER CERTIFY** that the record is full and complete and that the copies herein were each taken from the originals of the same, all of which are contained in the said original record, and that the said original record is under the care, custody and control of the Clerk of Court of this said Court.

**IN TESTIMONY WHEREOF,** witness my hand and official seal at Houma, Louisiana this ____23____ day of ____September____, 20__22____.

*Denise B. Vaughn*
Deputy Clerk of Court

Revised: 01-21-2021

**JASON A. DAGATE**
**JUDGE - DIVISION B**

No.    194584

# 32nd. JUDICIAL DISTRICT COURT

## PARISH OF TERREBONNE

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, ███████

███████

**PLAINTIFF**

VS.

TRANSPORTATION INSURANCE COMPANY; KYLE ROBBINS; SPARKS ENERGY, INC.; AND

PROGRESSIVE PALOVERDE INSURANCE COMPANY

**DEFENDANT**

**ACTION        DAMAGES**

**DATE FILED        SEPTEMBER 1, 2022**

GREGORY P. DILEO; 300 LAFAYETTE STREET, SUITE 101

NEW ORLEANS, LA  70130; (504) 522-3456

**Attorney for**
**Plaintiff**

**Attorney for**
**Defendant**

No.   194584

JUDGE - DIVISION B
JASON A. DAGATE

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

NO. 194584                                                    DIVISION "B"

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD, █████████

VERSUS

TRANSPORTATION INSURANCE COMPANY; KYLE ROBBINS;
SPARKS ENERGY, INC.; AND
PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED: _____          _____
                                                         DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Kisha T. Boudreaux, individually and on behalf of her minor child, █████████, a person of the full age of majority domiciled in the Parish of Terrebonne, State of Louisiana, whose Petition for Damages respectfully represents as follows:

I.

The following parties are made defendants in this suit:

A.    **Transportation Insurance Company** ("Transportation"), a foreign insurer authorized to do and doing business in the Parish of Terrebonne, State of Louisiana, who was at all material times hereto the automobile liability insurer for the vehicle being operated by defendant Kyle Robbins;

B.    **Kyle Robbins** ("Robbins"), a person of the full age of majority domiciled in Northampton County, State of Pennsylvania, who was at all material times hereto the driver of the vehicle that caused the collision made subject of this suit;

C.    **Sparks Energy, Inc.** ("Sparks"), a foreign corporation authorized to do and doing business in the Parish of Terrebonne, State of Louisiana, who was at all material times

**JASON A. DAGATE**
**JUDGE - DIVISION B**

SCANNED
SEP 01 2022

hereto the employer of defendant Robbins at the time of the incident sued upon herein; and

     D.    **Progressive Paloverde Insurance Company** ("Progressive"), a foreign insurer authorized to and doing business in the Parish of Terrebonne, State of Louisiana, who was at all material times hereto the underinsured motorist carrier and medical payments provider for petitioner Kisha Boudreaux, individually and on behalf of her minor child, ██████████

II.

On or about Wednesday, September 8, 2021, at approximately 6:25 p.m., petitioner Kisha Boudreaux was operating her 2018 Mitsubishi Outlander southbound, at a complete stop, on Grand Caillou Rd. at its intersection with Graham Dr., in Houma, Louisiana.

III.

Your petitioner's minor daughter, ██████████ was a passenger positioned in the front, right of Kisha Boudreaux's vehicle at the time of this collision.

IV.

At the same time, defendant Robbins was operating a 2014 Freightliner M2106 in the course and scope of his employment with defendant Sparks, also headed south on Grand Caillou Rd, and positioned directly behind your petitioner's vehicle.

V.

While your petitioner, Kisha Boudreaux, was waiting for oncoming traffic of northbound Grand Caillou Rd. in order to make a lawful left-hand turn, defendant Robbins failed to stop and struck the rear of her vehicle suddenly and without warning with the freightliner utility bucket truck he was operating, causing extensive property damages and severe physical and mental personal injuries to petitioners, all as a direct result of the negligence of defendant Robbins.

VI.

After the aforementioned collision, defendant Robbins fled the scene of the collision but was subsequently found and identified as the vehicle which struck petitioner, Kisha Boudreaux.

VII.

At all material times hereto, defendant Robbins was intoxicated while operating the motor vehicle which was a cause in fact of the injuries of petitioner and her minor child.

VIII.

In addition to general and special damages, petitioner and her minor child are entitled to exemplary damages from defendants Robbins, Sparks and Transportation pursuant to La. C.C. Art. 2315.4 which entitles her to exemplary damages based upon the injuries on which this action is based were caused by a wanton or reckless disregard for the rights and safety of others by defendant Robbins, whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries to petitioner and her minor child.

IX.

The above-described collision, caused by defendant Robbins, caused petitioner and her minor child to sustain compensable special and general damages including but not limited to property damage and physical and mental personal injuries.

X.

At the time of the collision sued upon herein, defendant Robins was operating his vehicle in the course and scope of his employment with defendant, Sparks, rendering defendant Sparks vicariously liable to your petitioner and her minor child under the doctrine of *respondeat superior*.

## XI.

The collision and resulting damages sued upon herein were caused by the negligence of defendant Robbins in the following but not limited respects:

A.   In driving a vehicle while intoxicated;

B.   In hit-and-run driving;

C.   In following too closely;

D.   In failing to keep a proper lookout;

E.   In failing to maintain his vehicle under proper control under the circumstances;

F.   In traveling at an excessive rate of speed;

G.   In traveling in a reckless and careless manner;

H.   In failing to see what he should have seen;

I.   In failing to use reasonable vigilance;

J.   In operating a motor vehicle while intoxicated in wanton or reckless disregard for the rights and safety of others;

K.   By committing a "hit and run" collision; and

L.   Other acts of negligence which will be shown at the time of trial.

## XII.

The above acts of negligence are in violation of the laws of the State of Louisiana and the applicable parish ordinances, which are hereby specifically pleaded and adopted by reference as if reproduced herein and set forth *in extenso*.

## XIII.

As a direct result of the collision sued upon herein and the negligence and intoxication of defendant Robbins, petitioner Kisha Boudreaux sustained serious injuries to her mind and body, including but not limited to injuries to her neck, back, shoulders, wrists, hip, knee, ankle, legs, and associated headaches.

- 4 -

XIV.

Further, as a result of the collision sued upon herein and the negligence and intoxication of defendant Robbins, petitioner Kisha Boudreaux has sustained the following but not limited itemized damages, the value of which exceed the jurisdictional amount required for a jury trial in this matter:

A.      Property damage;

B.      Loss of value of petitioner's vehicle;

C.      Hospital, medical and drug expenses, past and future;

D.      Physical and mental pain and suffering, past and future;

E.      Loss of enjoyment of life;

F.      Permanent disability;

G.      Exemplary damages; and

H.      Other items of damages which will be shown at the time of trial.

XV.

As a direct result of the collision sued upon herein and the negligence and intoxication of defendant Robbins, petitioner's minor child, ███████████, sustained serious injuries to her mind and body, including but not limited to injuries to her neck, back, shoulders, arms, hands, hip, knees, ankle, legs and associated headaches.

XVI.

Further, as a result of the collision sued upon herein and the negligence and intoxication of defendant Robbins, petitioner's minor child, ███████████ has sustained the following but not limited itemized damages, the value of which exceed the jurisdictional amount required for a jury trial in this matter:

A.      Hospital, medical and drug expenses, past and future;

B.      Physical and mental pain and suffering, past and future;

- 5 -

C.    Loss of enjoyment of life;

D.    Permanent disability;

E.    Exemplary damages; and

F.    Other items of damages which will be shown at the time of trial.

XVII.

On the date of the collision sued upon herein, there was in full force and effect an automobile liability insurance policy issued by defendant Transportation insuring defendants Robbins and Sparks against liability for Robbins' negligent operation of the subject vehicle and the sued-upon damages thereby caused, rendering defendant Transportation solidarily liable to your Petitioner for same.

XVIII.

On the date of the collision sued upon herein, there was in full force and effect an automobile liability insurance policy issued by defendant Progressive insuring your petitioner and her minor child against (uninsured / under-insured) liability for Robbins' negligent operation of the subject vehicle and against incurred medical expenses, rendering defendant Progressive solidarily liable to your Petitioner for same.

XIX.

Upon information and belief, your petitioner and her minor child were under-insured for their injuries sustained in the above-captioned matter in that defendant Robbins did not carry enough liability insurance through defendant Transportation to adequately compensate Petitioner and her minor child for their injuries, rendering defendant Progressive liable to your petitioner and her minor child in its capacity as their underinsured motorist and medical payments carrier.

- 6 -

XX.

In accordance with Article 1572 of the Louisiana Code of Civil Procedure, Petitioner and her minor child request that they be given written notice by mail ten (10) days in advance of the date fixed for trial or any hearing of the above captioned case, whether on exceptions, motions, rules on the merits or otherwise. Petitioner and her minor child further request immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon rendition thereof as provided by Louisiana Code of Civil Procedure, Articles 1913 and 1914, including notice of judgment in the event that this case is taken under advisement, or if the judgment is not signed at the conclusion of the trial.

WHEREFORE, Petitioner and her minor child pray for judgment herein in favor of Kisha T. Boudreaux, individually and on behalf of her minor child, ███████████, and against defendants Transportation Insurance Company, Kyle Robbins, Sparks Energy, Inc. and Progressive Paloverde Insurance Company, jointly, severally, and/or solidarily, in a sum adequate to compensate Petitioners for their aforementioned damages, together with legal interest thereon from date of judicial demand until paid; for all costs of these proceedings; for exemplary damages as to defendants Kyle Robbins, Sparks Energy, Inc. and Transportation Insurance Company; and for all general and equitable relief.

LAW OFFICES OF GREGORY P. DILEO, APLC

By: _____
Gregory P. DiLeo, LSBA #4943
Benjamin W. Gulick, LSBA #34874
300 Lafayette Street, Suite 101
New Orleans, Louisiana 70130
Telephone:   (504) 522-3456
Facsimile:   (504) 522-3888
Email:        contact@gregdileo.com
              bengulick@gregdileo.com

*Attorneys for Plaintiff, Kisha T. Boudreaux, individually and on behalf of her minor child,* ███████████

FILED

SEP 01 2022

_____
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

- 7 -

## PLEASE SERVE WITH ATTACHMENTS :

*TRANSPORTATION INSURANCE COMPANY*
>    through the Louisiana Secretary of State
>    8585 Archives Ave.
>    Baton Rouge, LA 70809;

*KYLE ROBBINS*
>    through Louisiana Long Arm Service
>    7 Hickory Hills Dr.
>    Bath, PA 18014;

*SPARKS ENERGY, INC.*
>    through Louisiana Long Arm Service
>    Shawn Engen
>    1370 Kirby Bridge Road
>    Danville, AL 35619; and

*PROGRESSIVE PALOVERDE INSURANCE COMPANY*
>    through the Louisiana Secretary of State
>    8585 Archives Ave.
>    Baton Rouge, LA 70809

*Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al*
32nd JDC, No. _____, Div. "____"
"Petition for Damages"

BOUDREAUX, KISHA & JAYDEN\PETITION - 32ND JDC\sp

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

NO. 194584                                                    DIVISION "B"

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD, ███████████████

VERSUS

TRANSPORTATION INSURANCE COMPANY; KYLE ROBBINS;
SPARKS ENERGY, INC.; AND
PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED: _____        _____
                                              DEPUTY CLERK

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

To:   **TRANSPORTATION INSURANCE COMPANY**
      *To be served concurrently with the plaintiffs' Petition for Damages*
      through its Registered Agent for Service of Process:

      Louisiana Secretary of State
      8585 Archives Ave.
      Baton Rouge, LA 70809

      Plaintiffs, **Kisha T. Boudreaux, individually and on behalf of her minor child**

██████████████ propound the following Interrogatories and Requests for Production

of Documents to defendant **Transportation Insurance Company**, pursuant to Louisiana

Code of Civil Procedure Articles 1457 through 1460. Each Interrogatory and Request for

Production of Documents is to be answered separately and fully, in writing and under oath,

and signed by the person making them. The defendant's answers and responses are to be

served on undersigned counsel at 300 Lafayette Street, Suite 101, New Orleans, Louisiana

70130 within thirty (30) days of service hereof. This discovery shall be deemed continuing

to the full extent allowed by the Louisiana Code of Civil Procedure.

### DEFINITIONS

a.   Reference to "you" and all variations of that pronoun or references to "defendant" shall be deemed to refer
     to the defendant personally, as well as to all persons employed by, representing, or otherwise acting in

concert with the defendant and shall be deemed to require information concerning the knowledge of such persons as well as knowledge of the defendant personally.

b.   The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or any other business or legal entity or institution.

c.   The term "document" means the original and all identical copies (whether different from the original because of such copy or otherwise) of a written, printed, typed, recorded graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control, including but not limited to all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data communications, correspondence, (whether tangible or intangible) from which information can be obtained or can be translated through detection devices and to reasonably usable tangible form, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, minutes of meetings, stenographic, typed or handwritten notes, studies, estimates, reports, evaluations, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, xerox or any tangible thing which constitutes or contains matter within the scope of the La. Code of Civil Procedure.

d.   The term "identify" and "describe" shall mean;

   1.   When used in reference to an individual, state the name and present or last known position and business affiliation of that person.  If such person is or has been employed by you, also state the dates of his employment by you and the jobs which he held or performed as your employee, including his specific duties and job description, if available;

   2.   When used in reference to a corporation, state its full name, its state of incorporation, its date of incorporation, and its principal place of business;

   3.   When used in reference to a person other than the individual or corporation, state its official name, its occupational form, its address and its principal place of business, if any;

   4.   When used in reference to a document, state the type of document, date, offer, addressee, title, its present location, name and address of its custodian, and the substance of the documents of the contents thereof.  In lieu of identifying any documents, copies thereof may be furnished;

   5.   When used in reference to any act, occurrence, occasion, meaning or conduct, set forth in the event or events constituting such act, its location, the date and persons participating, present or involved and the documents relating or referring in any way thereto;

   6.   When used in reference to a contract or agreement, state the date thereof, the nature thereof, whether it was written or oral, the identity of the representative with whom you contracted or so agreed, the identity of the interest so contracting, summary of the nature the matters covered in the contract of agreement, and whether any written documentation or correspondence was prepared or exchanged in connection with said contract or agreement;

e.   "Relevant to", "pertain", or "pertaining thereto" means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense of the word.

f.   With respect to each document otherwise called for by the Request for Production of Documents to which a claim of privilege or applicability of the work product doctrine is asserted, please separately state the following:

   1.   The type of document;
   2.   Its date;
   3.   The name, business address, and present position of its author or authors;
   4.   The position of its author or authors at the time that the document was prepared;
   5.   The name, business address and present position of the addressee and all other recipients of the document;
   6.   The position of the addressee and all other recipients at the time the document was prepared and at the time the document was received;

- 2 -

7. The general description of the subject matter of the document;
8. The basis of the claim or the privilege;
9. The proceeding through which the document was prepared;
10. That the basis of the claim or privilege is the work product doctrine.

g. The term "incident" as used hereinafter shall, unless otherwise designated, refer to the collision that occurred on or about Wednesday, September 8, 2021, and described in the plaintiff's "Petition for Damages," which collision gave rise to and forms the basis of the instant litigation.

## INTERROGATORIES

## INTERROGATORY NO. 1.

Please state the names, home and business addresses, places of employment, home and business telephone numbers and last known whereabouts of:

a. Any and all persons known to you, your agent, or your attorney who witnessed the incident sued upon herein or who was in the vicinity of the incident sued upon herein before, at the time of, or just after its occurrence, and/or who has personal knowledge of the incident sued upon herein;

i. For each such individual, summarize the contents of his/her knowledge and the means by which said individual came to witness or have personal knowledge of the subject incident;

b. Any and all persons or firms known to you or your attorney who possesses or claims to possess knowledge or information of any fact or record relevant to the occurrence or occurrences giving rise to this litigation and summarize the contents of their knowledge;

c. Any and all other witnesses upon whom you will rely to defend your liability in this case and summarize the contents of their knowledge;

d. Any and all persons from whom a statement, whether written or oral, has been obtained by you or on your behalf relating in any way to the incident sued upon herein.

## INTERROGATORY NO. 2.

Please identify specifically and exactly, with policy number and any other identifying information, any and all policies of liability insurance which afford or arguably afford coverage for the incident sued upon in this case, including but not limited to limits of liability, medical payments, property damage and all other coverages stated on said policy or policies, and including any and all policies of supplemental and/or excess liability

insurance which afford or arguably afford coverage for the incident sued upon in this case. In the event that you are self-insured to any degree, please so state and describe in detail, including the requisite limits of any self-insured retention.

**INTERROGATORY NO. 3.**

If you believe or claim that any of the following were at fault, in whole or in part, or otherwise caused or contributed to the incident sued upon herein, please explain in detail, providing all facts upon which that belief or claim is based and the sources thereof:

a.   Plaintiff, Kisha Boudreaux;

b.   Defendant Kyle Robbins;

c.   Any other party to this suit; and

d.   Any person(s) or entity(ies) not presently named as a party to this suit.

*** Please note that, in addition to its general application, this interrogatory specifically pertains to any and all denials and affirmative defenses asserted in your Answer to the plaintiff's "Petition for Damages," bearing in mind that the signature of a licensed attorney on such Answer constitutes a certification by him/her that, among other things, "[e]ach allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" and that "[e]ach denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.". (See La.C.C.P. art. 863(B)(3) and (4).) ***

**INTERROGATORY NO. 4.**

If you assert any affirmative defense in this matter (*e.g.*, in your Answer to the plaintiffs' Petition for Damages), please state in specific detail all facts upon which each such defense is based, including for the each fact the source(s) thereof.

(See note to Interrogatory No. 3, *supra*.)

**INTERROGATORY NO. 5.**

Please state whether any interview or statement pertaining to the incident and/or claims sued upon herein, regardless of form, has been taken, obtained, or reviewed by you

- 4 -

or on your behalf, and, if so, for each such interview or statement, please:

a.    summarize the substantive contents;

b.    identify by whom it was given;

c.    identify when (including date and time) and where it was given and all persons present;

d.    identify how and the form in which it was given and taken (*e.g.*, written, oral, telephone, video, etc.)

e.    if given verbally/orally, identify whether it was recorded and whether it was transcribed; and

f.    identify the statement's present custodian, including name, address, and telephone number.

**INTERROGATORY NO. 6.**

Please state and fully describe your complete understanding of how the subject collision of September 8, 2021, occurred, including all relevant events, actions, or inactions that in any way caused or contributed to its occurrence, and state, identify, and fully describe the full factual basis for the same, including but not limited to the source of each such fact.

**INTERROGATORY NO. 7.**

If you deny coverage for the injuries sustained by plaintiffs herein in the subject collision of September 8, 2021, please state, identify, and fully describe the full factual basis for said denial, identifying the source of each and every such fact.

**INTERROGATORY NO. 8.**

Please state when and how you first learned of the collision sued upon herein and all measures taken by you as a direct response, specifically including but not limited to any and all investigation conducted by you concerning the incident's occurrence.

**INTERROGATORY NO. 9.**

Have you, your attorney, or any person acting for or on your behalf, or at the request of either of you, secured or obtained, ordered, or reviewed any photographs pertaining to this

litigation, the damages sustained by any person or entity therein, and/or showing the scene of the collision? If so please state:

  a. The names, addresses and telephone numbers of any and all persons having custody of those photographs and of the persons photographing same;

  b. If you will do so without a motion to produce, please attach to your answers to these interrogatories, copies of all photographs.

## INTERROGATORY NO. 10.

Please identify each and every written report within your possession or of which you are aware made by any person concerning the subject incident, including in your identification the name(s) of the individual(s) who prepared the reports, when they were prepared, and their current location or custodian.

## INTERROGATORY NO. 11.

Please identify and describe by full name, title, business address, telephone number, academic and professional credentials, and field of specialization each and every expert witness with whom you have consulted, with whom you intend to consult, and/or upon whose testimony you intend or may intend to rely at trial of this matter.

## INTERROGATORY NO. 12.

For each person listed in response to the preceding interrogatory, please state, identify, and fully describe:

  a. the substance and nature of the opinion(s) which s/he is expected to offer;

  b. the full basis relied upon and methodology used in forming and/or rendering each opinion, including but not limited to the full factual basis and all documents or other materials consulted or relied upon; and

  c. whether s/he has issued a report of any kind, identifying whether written or verbal, and including any and all drafts of same.

## INTERROGATORY NO. 13.

State specifically and exactly if any surveillance photographs, films, video tape, audio

tape, or other means of reproduction were taken by you, your agent, employee and/or other representative depicting:

    a.      The incident sued upon herein (i.e. "dash cam" type recordings); and/or

    b.      Pertaining to the investigation of the plaintiffs' claim for damages.

**INTERROGATORY NO. 14.**

Please describe specifically and exactly for all vehicles involved in the subject collision, all damage sustained or alleged to have been sustained in the subject collision and any and all repairs or estimates of repair related thereto.

**INTERROGATORY NO. 15.**

Please describe specifically and exactly any and all bodily injuries sustained or alleged to have been sustained by any and all persons involved in and due to the subject collisions, including any and all medical treatment therefor, of which you are aware, whether at the scene of the incident giving rise to this litigation or subsequent thereto.

**INTERROGATORY NO. 16.**

Please identify, stating the names, addresses, home, and business telephone numbers of any and all person(s) who participated in preparing the answers to the foregoing interrogatories.

       ***\*\*\* PLEASE INCLUDE WITH YOUR RESPONSES TO THE FOREGOING INTERROGATORIES THE WRITTEN AND SIGNED VERIFICATION REQUIRED BY ARTICLE 1458 OF THE LOUISIANA CODE OF CIVIL PROCEDURE. \*\*\****

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1.**

Please produce any and all documents, writings, materials, electronically or digitally stored information, materials, and/or things supporting, evidencing, underlying, relied upon by you in answering, identified or referenced in response to, and/or in any way related to the

- 7 -

foregoing interrogatories and/or your answers thereto.

**REQUEST NO. 2.**

In connection with the preceding interrogatories, please produce and attach a true copy of any and all policies of insurance identified in response thereto, including any and all policies of excess and umbrella insurance, and including all declaration pages, special endorsements and other attachments thereto.

**REQUEST NO. 3.**

Please produce and attach true copies of any and all records, reports, or other documentation created and/or received by you, at your direction, or on your behalf, or within your possession, whether written, digital, or otherwise, which indicate, describe, or otherwise relate to the incident giving rise to this litigation, specifically including but not limited to copies of any and all incident or accident reports, ACORD forms, and/or other documents prepared or received by you or anyone on your behalf and/or submitted by or to you in connection with the incident sued upon herein.

**REQUEST NO. 4.**

Please attach and produce true copies of any and all records or other documentation reflecting vehicular collisions or other incidents giving rise to legal or insurance claims or litigation, regardless of fault, involving defendant Kyle Robbins, over the last ten years.

**REQUEST NO. 5.**

Please attach any and all expert reports by witnesses with whom you have consulted or intend to consult in the investigation of the incident sued upon herein. If only verbal statements have been rendered by any such experts, please attach a summary of all such statements.

**REQUEST NO. 6.**

For each and every expert witness with whom you have consulted or intend to consult

- 8 -

or on whose testimony you intend to rely in any way at trial of this matter, please produce and attach his/her *curriculum vitae*, billing rate sheet, and list of all cases in which s/he has been retained by any party in litigation over the last ten years, including for each such case the identifying court and docket information, whether such retaining party was a plaintiff or defendant, and all fields of expertise in which said witness has been accepted by the court.

**REQUEST NO. 7.**

Please produce the original evidence, and attach true or certified copies, of any and all documentary evidence that you intend or might intend to use as exhibits at the trial of this matter, including but not limited to demonstrative, impeachment, and/or physical evidence.

**REQUEST NO. 8.**

Please attach and produce any and all originals or negatives of any and all photographs, audio recordings, video recordings, or other means of reproduction taken by anyone on behalf of any of the defendants in the case or in the possession of any of the defendants or their attorneys in the case, including but not limited to those depicting the incident giving rise to the litigation sued upon herein, any of the vehicles involved in the subject collision, surveillance of any person or persons, and/or in any way taken in connection with your investigation of the incident giving rise to or claims asserted by this suit. For any such photographs or recordings captured in digital format, please produce and attach the corresponding digital files.

**REQUEST NO. 9.**

Please produce and attach true or certified copies of any and all statements, whether written, oral, or otherwise, obtained in connection with interviews with any witnesses, including petitioner, relative to the incident sued upon herein. For recorded statements, please produce both the recording itself and any and all transcripts thereof. Note: if you claim a privilege in connection with this request, please state:

a.      The nature of the privilege asserted;

b.      The identification of person(s) from whom statements were taken;

c.      The date(s) and time(s) the statement(s) were taken;

d.      The name, address and telephone number of the person(s) who took the statement;

e.      Whether the statement was recorded, written, and/or videotaped; and

f.      The identity of the present custodian of any and all such statement(s).

## REQUEST NO. 10.

Please produce and attach true or certified copies of any and all documentation, writings, correspondence, memoranda, data and/or any other writing provided by you to any and all expert witnesses you have retained in the above-captioned case to provide an opinion as to liability and/or damages herein.

## REQUEST NO. 11.

Please produce and attach true or certified copies of any and all repair bills, records, or estimates of repair or any other documentation indicating damage sustained by any vehicle involved in the subject incident sued upon herein from the date of the subject collision to present.

## REQUEST NO. 12.

Please produce and attach a copy of any and all records of the petitioners in your possession, whether obtained pursuant to an authorization or not, whether considered impeachment or not, and including but not limited to:

a.      Employment records;

b.      Medical records;

c.      Social Security Disability records;

d.      Social Security Income records;

- 10 -

e.      Income tax records;

f.      Criminal records;

g.      Driving history;

h.      Litigation history; and/or

i.      Insurance claim history.

**REQUEST NO. 13.**

Please produce an executed verification relative to your responses to the foregoing

interrogatories as required by Article 1458 of the Louisiana Code of Civil Procedure, a

satisfactory draft of which is being provided concurrently with these Requests.

**\*\* Article 1428 of the Louisiana Code of Civil Procedure requires**
**seasonable supplementation of your responses to the preceding interrogatories**
**and request for production of documents. \*\***

LAW OFFICES OF GREGORY P. DILEO, APLC

By: _____

Gregory P. DiLeo, LSBA #4943
Benjamin W. Gulick, LSBA #34874
300 Lafayette Street, Suite 101
New Orleans, LA 70130
Telephone:   (504) 522-3456
Facsimile:    (504) 522-3888
Email:        contact@gregdileo.com
              bengulick@gregdileo.com

*Attorneys for Plaintiffs, Kisha T. Boudreaux,*
*individually and on behalf of her minor child,*

FILED

SEP 0 1 2022

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the above and foregoing was requested to be made concurrent with service of the plaintiffs' Petition for Damages, as authorized by Articles 1457(A) and 1462(A) of the Louisiana Code of Civil Procedure.

Certified this __31__ day of __Aug__, 2022.

Gregory P. DiLeo, Esq.
Benjamin W. Gulick, Esq.

*Kisha T. Boudreaux v. Transporation Insurance Company, et al.*
32nd JDC, No. _____, Div. "____"
"Plf's I&R's to Transportation Ins. Co."

FILED

SEP 0 1 2022

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

BOUDREAUX, KISHA & JAYDEN\PLF'S I&RS TO TRANSPORTATION INS CO\sp

- 12 -

## **ARTICLE 1458 VERIFICATION**

STATE OF LOUISIANA

PARISH OF _____

      BEFORE ME, the undersigned Notary Public, did personally come and appear _____, affiant herein, who, in accordance with the provisions of Article 1458 of the Louisiana Code of Civil Procedure, after first being duly sworn, did depose and state as follows on behalf of **Transportation Insurance Company**:

(1)    I am a person of the full age of majority competent to testify in courts of law in, of, and for the State of Louisiana;

(2)    I submit this Article 1458 Verification on behalf of Transportation Insurance Company, a named defendant in the matter of *Kisha T. Boudreaux, et al v. Transportation Ins. Co., et al.* 32nd JDC, No. _____, Div. "____".

(3)    I am a/an  employee / member / owner / director / legal representative / other (circle one)  of Transportation Insurance Company, and am authorized by the same to execute this Verification on its behalf;

(4)    My position/title is _____ ;

(5)    I have read and hereby confirm the answers and objections by Transportation Insurance Company, to interrogatories propounded in this matter by Kisha T. Boudreaux, individually and on behalf of her minor child, Jayden L. Boudreaux, which answers and objections are dated _____ ;

(6)    All facts and allegations made in said answers and objections are true and correct to the best of my knowledge, information, and belief.


_____

AFFIANT

_____

(printed name)

_____

(date)

This sworn to, subscribed, and done before me on this _____ day of _____, 20____, in _____, Louisiana.


_____

Notary Public

Notary / LSBA No.: _____

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

NO. 194584                                                    DIVISION "B"

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD, ██████████████

VERSUS

TRANSPORTATION INSURANCE COMPANY; KYLE ROBBINS;
SPARKS ENERGY, INC.; AND
PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED: _____          _____
                                              DEPUTY CLERK

## INTERROGATORIES AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS

To:   **KYLE ROBBINS**
      *To be served concurrently with the plaintiffs' Petition for Damages*
      through the Louisiana Long Arm Service
      7 Hickory Hills Dr.
      Bath, PA 18014

      Plaintiffs, **Kisha T. Boudreaux, individually and on behalf of her minor child,**

██████████████ propounds the following Interrogatories and Requests for Production

of Documents to defendant **Kyle Robbins** pursuant to Louisiana Code of Civil Procedure

Articles 1457 through 1460. Each Interrogatory and Request for Production of Documents

is to be answered separately and fully, in writing and under oath, and signed by the person

making them. The defendant's answers and responses are to be served on undersigned

counsel at 300 Lafayette Street, Suite 101, New Orleans, Louisiana 70130 within thirty (30)

days of service hereof. This discovery shall be deemed continuing to the full extent allowed

by the Louisiana Code of Civil Procedure.

### DEFINITIONS

a.     Reference to "you" and all variations of that pronoun or references to "defendant" shall be deemed to refer
       to the defendant personally, as well as to all persons employed by, representing, or otherwise acting in
       concert with the defendant and shall be deemed to require information concerning the knowledge of such

persons as well as knowledge of the defendant personally.

b.     The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or any other business or legal entity or institution.

c.     The term "document" means the original and all identical copies (whether different from the original because of such copy or otherwise) of a written, printed, typed, recorded graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control, including but not limited to all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data communications, correspondence, (whether tangible or intangible) from which information can be obtained or can be translated through detection devices and to reasonably usable tangible form, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, minutes of meetings, stenographic, typed or handwritten notes, studies, estimates, reports, evaluations, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, xerox or any tangible thing which constitutes or contains matter within the scope of the La. Code of Civil Procedure.

d.     The term "identify" and "describe" shall mean;

    1.     When used in reference to an individual, state the name and present or last known position and business affiliation of that person.  If such person is or has been employed by you, also state the dates  of his employment by you and the jobs which he held or performed as your employee, including his specific duties and job description, if available;

    2.     When used in reference to a corporation, state its full name, its state of incorporation, its date of incorporation, and its principal place of business;

    3.     When used in reference to a person other than the individual or corporation, state its official name, its occupational form, its address and its principal place of business, if any;

    4.     When used in reference to a document, state the type of document, date, offer, addressee, title, its present location, name and address of its custodian, and the substance of the documents of the contents thereof.  In lieu of identifying any documents, copies thereof may be furnished;

    5.     When used in reference to any act, occurrence, occasion, meaning or conduct, set forth in the event or events constituting such act, its location, the date and persons participating, present or involved and the documents relating or referring in any way thereto;

    6.     When used in reference to a contract or agreement, state the date thereof, the nature thereof, whether it was written or oral, the identity of the representative with whom you contracted or so agreed, the identity of the interest so contracting, summary of the nature the matters covered in the contract of agreement, and whether any written documentation or correspondence was prepared or exchanged in connection with said contract or agreement;

e.     "Relevant to", "pertain", or "pertaining thereto" means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense of the word.

f.     With respect to each document otherwise called for by the Request for Production of Documents to which a claim of privilege or applicability of the work product doctrine is asserted, please separately state the following:

    1.     The type of document;
    2.     Its date;
    3.     The name, business address, and present position of its author or authors;
    4.     The position of its author or authors at the time that the document was prepared;
    5.     The name, business address and present position of the addressee and all other recipients of the document;
    6.     The position of the addressee and all other recipients at the time the document was prepared and at the time the document was received;
    7.     The general description of the subject matter of the document;

8. The basis of the claim or the privilege;

9. The proceeding through which the document was prepared;

10. That the basis of the claim or privilege is the work product doctrine.

g. The term "incident" as used hereinafter shall, unless otherwise designated, refer to the collision that occurred on or about Wednesday, September 8, 2021, and as set forth in the plaintiff's Petition for Damages, which collision gave rise to and forms the basis of the instant litigation.

## INTERROGATORIES

## INTERROGATORY NO. 1.

Please state:

a. Your full legal name, any and all other names by which you have ever been known, including aliases and nicknames, and including any and all names used by you on any and all social media sites;

b. Your social security number;

c. Your date of birth;

d. Your marital status, both now and at the time of the subject collision giving rise to this litigation; and

e. Your present state of employment and your employment for the last ten years, providing dates of employment and contact information for each employer listed.

## INTERROGATORY NO. 2.

Please state the names, home and business addresses, places of employment, home and business telephone numbers and last known whereabouts of:

a. Any and all persons known to you, your agent, or your attorney who witnessed the incident sued upon herein or who was in the vicinity of the incident sued upon herein before, at the time of, or just after its occurrence, and/or who has personal knowledge of the incident sued upon herein;

 i. For each such individual, summarize the contents of his/her knowledge and the means by which said individual came to witness or have personal knowledge of the subject incident;

b. Any and all persons or firms known to you or your attorney who possesses or claims to possess knowledge or information of any fact or record relevant to the occurrence or occurrences giving rise to this litigation and summarize the contents of their knowledge;

c. Any and all other witnesses upon whom you will rely to defend your liability in this case and summarize the contents of their knowledge;

- 3 -

    d.      Any and all persons from whom a statement, whether written or oral, has been obtained by you or on your behalf relating in any way to the incident sued upon herein.

## INTERROGATORY NO. 3.

Please identify specifically and exactly, with policy number and any other identifying information, any and all policies of liability insurance which afford or arguably afford coverage for the incident sued upon in this case, including but not limited to limits of liability, medical payments, property damage and all other coverages stated on said policy or policies, and including any and all policies of supplemental and/or excess liability insurance which afford or arguably afford coverage for the incident sued upon herein.

## INTERROGATORY NO. 4.

If you believe or claim that any of the following were at fault, in whole or in part, or otherwise caused or contributed to the incident sued upon herein, please explain in detail, providing all facts upon which that belief or claim is based and the sources thereof:

    a.      Plaintiff, Kisha T. Boudreaux;

    b.      Any other party to this suit, including but not limited to yourself, Kyle Robbins; and

    c.      Any person(s) or entity(ies) not presently named as a party to this suit.

\*\*\*   Please note that, in addition to its general application, this interrogatory specifically pertains to any and all denials and affirmative defenses asserted in your Answer to the plaintiff's "Petition for Damages," bearing in mind that the signature of a licensed attorney on such Answer constitutes a certification by him/her that, among other things, "[e]ach allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" and that "[e]ach denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.". (See La.C.C.P. art. 863(B)(3) and (4).)

## INTERROGATORY NO. 5.

For each and every denial and/or affirmative defense asserted in your Answer to the plaintiffs' Petition for Damages (including, *e.g.*, but not limited to comparative fault, third-

party fault, failure to mitigate damages, etc.), please state the full factual basis upon which

said denial and/or affirmative defense is asserted and identify the source of each such fact.

\*\*\*   Please note that this interrogatory specifically pertains to any and all denials and affirmative defenses asserted in your Answer to the plaintiff's "Petition for Damages," bearing in mind that the signature of a licensed attorney on such Answer constitutes a certification by him/her that, among other things, "[e]ach allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" and that "[e]ach denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.". (See La.C.C.P. art. 863(B)(3) and (4).)

**INTERROGATORY NO. 6.**

Did you see the vehicle being operated by plaintiff Kisha Boudreaux at any time prior

to the impact/collision upon which this suit is based, and, if so, please specify the following

facts as they existed at that time:

    a.    The distance of each vehicle (yours and hers) from the point of impact;

    b.    The speed of each vehicle (yours and hers);

    c.    The number of seconds before the subject impact;

    d.    All actions by either vehicle that thereafter transpired before the subject impact; and

    e.    Any and all action taken by you to avoid the impact.

**INTERROGATORY NO. 7.**

State what part(s) of your vehicle came into contact with what part(s) of all other

vehicles involved in the incident sued upon herein, including the vehicle being operated by

plaintiff Kisha Boudreaux.

**INTERROGATORY NO. 8.**

Describe in detail your version of how the collision occurred and identify all facts on

which that is based and the sources thereof.

**INTERROGATORY NO. 9.**

Had you consumed any alcohol, narcotics, or medications (whether prescription or otherwise and regardless of purpose) within the twenty-four (24) hours preceding the collision giving rise to this litigation? If so, please identify all and include the name, amount/dosage, time, and place where said substance(s) was/were ingested.

**INTERROGATORY NO. 10.**

Have you, your attorney, or any person acting for or on your behalf, or at the request of either of you, secured or obtained, ordered, or reviewed any photographs pertaining to this litigation, the damages sustained by any person or entity therein, and/or showing the scene of the collision? If so please state:

    a.    The names, addresses and telephone numbers of any and all persons having custody of those photographs and of the persons photographing same;

    b.    If you will do so without a motion to produce, please attach to your answers to these interrogatories, copies of all photographs.

**INTERROGATORY NO. 11.**

Have you been involved in any other accidents, collisions, and/or incidents (regardless of fault) in the last ten years, including but not limited to motor vehicle collisions, work-related accidents, physical altercations, slip and falls, trip and falls, injuries sustained in connection with criminal acts of others, and/or other incidents resulting in injuries to you or any other person or property? If so, please state:

    a.    The date and nature of each such incident;

    b.    The circumstances surrounding the happening of each such incident; and

    c.    The place and/or location of each such incident.

    d.    The names and addresses of all persons involved in each such incident; and

    e.    Identifying information, including claim number, court, case caption and docket number, for any claims of any kind (insurance claims, workers' compensation claims, etc.) or legal proceedings arising from and/or related to

each such incident.

## INTERROGATORY NO. 12.

Have you ever been involved in any civil lawsuit other than this action?  If so, please

state:

    a.    The title, court, and docket number of each such civil action;

    b.    The nature of the claims and defenses asserted in each such civil action;

    c.    Your status as a part in each civil action, and the basis of your involvement in and/or in connection with each such civil action;

    d.    Whether you provided discovery in each such civil action, including but not limited to responses to written discovery (interrogatories, requests for admission, and/or requests for production of documents or things) and the provision of sworn deposition testimony. If you provided sworn deposition testimony, please provide the full case caption in which it was taken, state the dates on which it was taken, and identify the court reporter by name, company, and contact information.

    e.    The outcome of the litigation, e.g., judgment or compromise in settlement.

## INTERROGATORY NO. 13.

Please state whether you have ever pled guilty to, been convicted or charged with any

criminal offense. If so, please state for each such occurrence the nature and date of each such

charge or conviction and identify the same by court, citation, and docket number.

## INTERROGATORY NO. 14.

Please identify by name, present business address and field of specialization, each

person you or your attorney expect to call as an expert witness at the time of the trial of this

case, stating the substance of the facts and opinions to which s/he is expected to testify and

giving a summary of the grounds for each opinion.

## INTERROGATORY NO. 15.

State specifically and exactly if any surveillance photographs, films, video tape, audio

tape, or other means of reproduction were taken by you, your agent, employee and/or other

representative depicting:

    a.      The incident sued upon herein (i.e. "dash cam" type recordings); and/or

    b.      Pertaining to investigation of the plaintiff's claim for damages.

## INTERROGATORY NO. 16.

Please state whether you have or, at the time of the subject collision sued upon herein, had a portable phone, cell phone, wireless phone, satellite phone or other such communications device in service, and, if so, please state:

    a.      Whether or not you were holding, using, dialing or in any way handling said communications device at or near the time of the subject collision;

    b.      The name, address and telephone numbers of all persons and/or entities with whom you were talking or communicating via said communications device between the hours of 5:00 p.m. and 7:00 p.m. on September 8, 2021 (*i.e.*, the date of the collision giving rise to this litigation);

    c.      The name and address of the company(ies) providing service for said communications device(s) on September 8, 2021 (*i.e.* the date of the collisions giving rise to this litigation) and the account number(s) under which those services were billed; and

    d.      The telephone number(s), or other such number, for said portable phone(s), cell phone(s), wireless phone(s), satellite phone(s) or other such communications device(s).

## INTERROGATORY NO. 17.

Please identify all places you were within the twelve (12) hours immediately preceding the collision sued upon herein.

## INTERROGATORY NO. 18.

Please state where you were coming from and where you were going when the subject collision occurred, specifically including whether you were then engaged in the course and scope of any employment, engaged in performing any duties associated with your employment, and/or on any mission for the benefit of any person, employer, or other entity.

**INTERROGATORY NO. 19.**

Please identify, stating the names, addresses, home, and business telephone numbers of any and all person(s) who participated in preparing the answers to the foregoing interrogatories.

**INTERROGATORY NO. 20.**

Please identify with specificity any and all documentary and/or physical evidence you intend or may intend to use in your defense of this case for any purpose, including but not limited to demonstrative evidence and/or impeachment evidence, and identify the source(s) thereof.

**INTERROGATORY NO. 21.**

Please state and fully describe how you came to be / why you were operating the subject 2014 Freightliner M2106 Utility Bucket Truck on the date of the sued-upon incident, including any and all legal interest you have/had in said vehicle; who owned the vehicle at the time of the sued-upon incident; whether you were operating the vehicle with the permission of its registered owner; and what connection, if any, said operation had with your employment by Sparks Energy, Inc.

**INTERROGATORY NO. 22.**

If you deny that you were operating the 2014 Freightliner M2106 Utility Bucket Truck involved in this collision while in the course and scope of your employment by defendant Sparks Energy, Inc., please so state, providing all facts and identifying all witnesses upon which said denial is based and the source(s) thereof.

**INTERROGATORY NO. 23.**

Please describe specifically and exactly any and all training or other instruction you have received in connection with your employment relative to your operation of a motor vehicle, identifying same by date, duration, scope, and type and, further, identifying any and

- 9 -

all written policies and/or procedures provided to you or otherwise applicable to your operation of a vehicle in the course and scope of your employment.

**INTERROGATORY NO. 24.**

Please describe in specific detail any and all actions taken by you and/or your employer following and relating to the sued-upon collision, specifically including but not limited to the completion of any accident reports; provision of any and all recorded statements (whether written or oral); submission (or requests for submission) to any blood, urine, or other alcohol or drug testing; and/or any disciplinary action relative to your employment.

***\*\*\* PLEASE INCLUDE WITH YOUR RESPONSES TO THE FOREGOING INTERROGATORIES THE WRITTEN AND SIGNED VERIFICATION REQUIRED BY ARTICLE 1458 OF THE LOUISIANA CODE OF CIVIL PROCEDURE. \*\*\****

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1.**

In connection with the preceding interrogatories, please produce and attach a true copy of any and all policies of insurance identified in response thereto, **including any and all policies of excess and umbrella insurance,** and including all declaration pages, special endorsements and other attachments thereto.

**REQUEST NO. 2.**

Please produce and attach true copies of any and all records, reports, or other documentation created by you, at your direction, or on your behalf, or within your possession, whether written, digital, or otherwise, which indicate, describe, or otherwise relate to the incident giving rise to this litigation, specifically including but not limited to copies of any and all incident or accident reports, ACORD forms, and/or other documents prepared by you or anyone on your behalf and/or submitted by you or at your direction to your employer, your

- 10 -

insurer, or any other person or entity in connection with the incident sued upon herein.

**REQUEST NO. 3.**

Please produce and attach any and all expert reports for witnesses with whom you have consulted or intend to consult in connection with the incident sued upon herein.

**REQUEST NO. 4.**

If only verbal statements have been rendered by any such experts, please produce and attach a summary of any such statements.

**REQUEST NO. 5.**

Please produce the original evidence, and attach true or certified copies, of any and all documentary evidence that you intend or might intend to use as exhibits at the trial of this matter, including but not limited to demonstrative, impeachment, and/or physical evidence.

**REQUEST NO. 6.**

Please produce and attach any and all originals or negatives of any and all photographs and/or video recordings taken by anyone on behalf of any of the defendants in the case or in the possession of any of the defendants or their attorneys in the case pertaining in any way to the collision sued upon herein and/or the plaintiff's claim(s) for damages. For any such photographs or video recordings captured in digital format, please produce and attach the corresponding digital files.

**REQUEST NO. 7.**

Please produce and attach true or certified copies of any and all statements, whether written, oral, or otherwise, given by you and/or obtained in connection with interviews with any witnesses, including petitioner, relative to the incident sued upon herein. For recorded statements, please produce both the recording itself and any and all transcripts thereof. Note: if you claim a privilege in connection with this request, please state:

      a.     The nature of the privilege asserted;

b.     The identification of person(s) from whom statements were taken;

c.     The date(s) and time(s) the statement(s) were taken;

d.     The name, address and telephone number of the person(s) who took the statement;

e.     Whether the statement was recorded, written, and/or videotaped; and

f.     The identity of the present custodian of any and all such statement(s).

## REQUEST NO. 8.

In connection with the preceding interrogatories, please produce and attach a copy of any and all surveillance and/or investigative photographs, video tapes, audio tapes or other means of reproduction depicting:

a.     The incident sued upon herein (i.e. "dash cam" type recordings); and/or

b.     Pertaining to investigation of plaintiffs' claim for damages in the above-captioned case.

For any such materials captured in digital format, please produce and attach the corresponding digital files.

## REQUEST NO. 9.

Please produce and attach true or certified copies of any and all documentation, writings, correspondence, memoranda, data and/or any other writing provided by you to any and all expert witnesses you have retained in the above captioned case to provide an opinion as to liability and/or damages.

## REQUEST NO. 10.

Please produce and attach true or certified copies of any and all repair bills, records, or estimates of repair or any other documentation indicating damage sustained by any vehicle involved in the subject incident sued upon herein, specifically including but not limited to the vehicle being operated by you, defendant Kyle Robbins, from the date of the subject collision to present.

- 12 -

**REQUEST NO. 11.**

Please produce and attach a copy of any and all records of either petitioner in your possession or the possession of any agent (including attorney) acting on your behalf, regardless of the type and/or source thereof, whether obtained pursuant to an authorization or not, whether considered impeachment or not, and specifically including but not limited to:

    a.      Employment records;

    b.      Medical records;

    c.      Social Security Disability records;

    d.      Social Security Income records;

    e.      Claim history records;

    f.      Criminal history records; and

    g.      Income tax records.

**REQUEST NO. 12.**

Please produce and attach any and all billing statements, usage statements, logs, itemizations, or other such documentation evidencing service(s) for and use of any and all portable phone(s), cell phone(s), wireless phone(s), satellite phone(s) or other such communications device(s), including an itemization of all calls made to or from said communications device(s), for the month of September 2021, and specifically including September 8, 2021.

**REQUEST NO. 13.**

Please produce and attach certified transcript copies of all sworn deposition and/or trial testimony you have given in any civil action in the last ten years.

**REQUEST NO. 14.**

Please produce and attach copies of any and all responses by you to written discovery propounded to you in any civil action in the last ten years.

**REQUEST NO. 15.**

Please produce and attach any and all documents, materials, physical evidence, and/or other things supporting or in any way bearing upon any affirmative defense asserted by you in your Answer to the plaintiffs' Petition for Damages.

**REQUEST NO. 16.**

Please produce and attach copies of any and all documents relied upon, referenced in, or otherwise supporting your answers to the foregoing interrogatories propounded concurrently herewith.

**REQUEST NO. 17.**

Please produce and attach any and all written polices, procedures, manuals, or other instruction concerning or in any way related to your operation of a vehicle in connection with your employment, specifically including but not limited to any such policies or procedures concerning what to do if/when/after an accident occurs and any associated reporting or testing (*e.g.*, urinalysis) requirements.

**REQUEST NO. 18.**

Please produce an executed verification relative to your responses to the foregoing interrogatories as required by Article 1458 of the Louisiana Code of Civil Procedure, a satisfactory draft of which is being provided concurrently with these Requests.

**\*\* Article 1428 of the Louisiana Code of Civil Procedure requires seasonable supplementation of your responses to the preceding interrogatories and request for production of documents. \*\***

FILED

SEP 0 1 2022

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

LAW OFFICES OF GREGORY P. DILEO, APLC

By: _____
Gregory P. DiLeo, LSBA #4943
Benjamin W. Gulick, LSBA #34874
300 Lafayette Street, Suite 101

- 14 -

New Orleans, LA 70130
Telephone:   (504) 522-3456
Facsimile:   (504) 522-3888
Email:        contact@gregdileo.com
              bengulick@gregdileo.com

*Attorneys for Plaintiffs, Kisha T. Boudreaux*
*individually and on behalf of her minor child,*
█████████████

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing was requested to be made concurrent with service of the plaintiffs' Petition for Damages, as authorized by Articles 1457(A) and 1462(A) of the Louisiana Code of Civil Procedure.

Certified this __31__ day of _____, 2022.

_____
Gregory P. DiLeo, Esq.
Benjamin W. Gulick, Esq.

*Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al.*
32nd JDC, No. _____, Div. "____"
"Plf's I&R's to Kyle Robbins"

BOUDREAUX, KISHA & JAYDEN\PLF'S I&RS TO KYLE ROBBINS\sp

- 15 -

## **ARTICLE 1458 VERIFICATION**

STATE OF LOUISIANA

PARISH OF _____

      BEFORE ME, the undersigned Notary Public, did personally come and appear **Kyle Robbins**, affiant herein, who, in accordance with the provisions of Article 1458 of the Louisiana Code of Civil Procedure, after first being duly sworn, did depose and state as follows:

(1)    I am a person of the full age of majority competent to testify in courts of law in, of, and for the State of Louisiana;

(2)    I am a named defendant in the matter of *Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al.*, 32nd JDC No. _____, Div. "____";

(3)    I have read and hereby confirm my answers and objections to interrogatories propounded to me in this matter by Kisha T. Boudreaux, et al, which answers and objections are dated _____ ;

(4)    All facts and allegations made in said answers and objections are true and correct to the best of my knowledge, information, and belief.


_____

KYLE ROBBINS, Affiant


_____

(date)


This sworn to, subscribed, and done before

me on this _____ day of _____,

20____, in _____, Louisiana.


_____

Notary Public

Notary / LSBA No.: _____

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

NO. 194584                                              DIVISION " B "

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD, ███████████████████

VERSUS

TRANSPORTATION INSURANCE COMPANY; KYLE ROBBINS;
SPARKS ENERGY, INC.; AND
PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED: _____          _____
                                        DEPUTY CLERK

## INTERROGATORIES AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS

To:  **SPARKS ENERGY, INC.**
*To be served concurrently with the plaintiffs' Petition for Damages*
through the Louisiana Long Arm Service

Shawn Engen
1370 Kirby Bridge Rd.
Danville, AL 35619

Plaintiff, **Kisha T. Boudreaux, individually and on behalf of her minor child,**
███████████████████ propounds the following Interrogatories and Requests for
Production of Documents to defendant **Sparks Energy, Inc.** pursuant to Louisiana Code
of Civil Procedure Articles 1457 through 1460. Each Interrogatory and Request for
Production of Documents is to be answered separately and fully, in writing and under oath,
and signed by the person making them. The defendant's answers and responses are to be
served on undersigned counsel at 300 Lafayette Street, Suite 101, New Orleans, Louisiana
70130 within thirty (30) days of service hereof. This discovery shall be deemed continuing
to the full extent allowed by the Louisiana Code of Civil Procedure.

## DEFINITIONS

a.   Reference to "you" and all variations of that pronoun or references to "defendant" shall be deemed to refer to the defendant personally, as well as to all persons employed by, representing, or otherwise acting in concert with the defendant and shall be deemed to require information concerning the knowledge of such persons as well as knowledge of the defendant personally.

b.   The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or any other business or legal entity or institution.

c.   The term "document" means the original and all identical copies (whether different from the original because of such copy or otherwise) of a written, printed, typed, recorded graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control, including but not limited to all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data communications, correspondence, (whether tangible or intangible) from which information can be obtained or can be translated through detection devices and to reasonably usable tangible form, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, minutes of meetings, stenographic, typed or handwritten notes, studies, estimates, reports, evaluations, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, xerox or any tangible thing which constitutes or contains matter within the scope of the La. Code of Civil Procedure.

c̄.   The term "identify" and "describe" shall mean;

    1.   When used in reference to an individual, state the name and present or last known position and business affiliation of that person.  If such person is or has been employed by you, also state the dates of his employment by you and the jobs which he held or performed as your employee, including his specific duties and job description, if available;

    2.   When used in reference to a corporation, state its full name, its state of incorporation, its date of incorporation, and its principal place of business;

    3.   When used in reference to a person other than the individual or corporation, state its official name, its occupational form, its address and its principal place of business, if any;

    4.   When used in reference to a document, state the type of document, date, offer, addressee, title, its present location, name and address of its custodian, and the substance of the documents of the contents thereof.  In lieu of identifying any documents, copies thereof may be furnished;

    5.   When used in reference to any act, occurrence, occasion, meaning or conduct, set forth in the event or events constituting such act, its location, the date and persons participating, present or involved and the documents relating or referring in any way thereto;

    6.   When used in reference to a contract or agreement, state the date thereof, the nature thereof, whether it was written or oral, the identity of the representative with whom you contracted or so agreed, the identity of the interest so contracting, summary of the nature the matters covered in the contract of agreement, and whether any written documentation or correspondence was prepared or exchanged in connection with said contract or agreement;

e.   "Relevant to", "pertain", or "pertaining thereto" means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense of the word.

f.   With respect to each document otherwise called for by the Request for Production of Documents to which a claim of privilege or applicability of the work product doctrine is asserted, please separately state the following:

    1.   The type of document;
    2.   Its date;
    3.   The name, business address, and present position of its author or authors;
    4.   The position of its author or authors at the time that the document was prepared;

- 2 -

5.      The name, business address and present position of the addressee and all other recipients of the document;

6.      The position of the addressee and all other recipients at the time the document was prepared and at the time the document was received;

7.      The general description of the subject matter of the document;

8.      The basis of the claim or the privilege;

9.      The proceeding through which the document was prepared;

10.     That the basis of the claim or privilege is the work product doctrine.

g.      The term "incident" as used hereinafter shall, unless otherwise designated, refer to the collision that occurred on or about Wednesday, September 8, 2021, and described in the plaintiff's "Petition for Damages," which collision gave rise to and forms the basis of the instant litigation.

## <u>INTERROGATORIES</u>

## <u>INTERROGATORY NO. 1.</u>

Please state the names, home and business addresses, places of employment, home and business telephone numbers and last known whereabouts of:

a.      Any and all persons known to you, your agent, or your attorney who witnessed the incident sued upon herein or who was in the vicinity of the incident sued upon herein before, at the time of, or just after its occurrence, and/or who has personal knowledge of the incident sued upon herein;

      i.      For each such individual, summarize the contents of his/her knowledge and the means by which said individual came to witness or have personal knowledge of the subject incident;

b.      Any and all persons or firms known to you or your attorney who possesses or claims to possess knowledge or information of any fact or record relevant to the occurrence or occurrences giving rise to this litigation and summarize the contents of their knowledge;

c.      Any and all other witnesses upon whom you will rely to defend your liability in this case and summarize the contents of their knowledge;

d.      Any and all persons from whom a statement, whether written or oral, has been obtained by you or on your behalf relating in any way to the incident sued upon herein.

## <u>INTERROGATORY NO. 2.</u>

Please identify specifically and exactly, with policy number and any other identifying information, any and all policies of liability insurance which afford or arguably afford coverage for the incident sued upon in this case, including but not limited to limits of liability, medical payments, property damage and all other coverages stated on said policy

- 3 -

cr policies, and including any and all policies of supplemental and/or excess liability insurance which afford or arguably afford coverage for the incident sued upon in this case. In the event that you are self-insured to any degree, please so state and describe in detail, including the requisite limits of any self-insured retention.

**INTERROGATORY NO. 3.**

If you believe or claim that any of the following were at fault, in whole or in part, or otherwise caused or contributed to the incident sued upon herein, please explain in detail, providing all facts upon which that belief or claim is based and the sources thereof:

    a.    Plaintiff, Kisha Boudraux;

    b.    Any other party to this suit, including but not limited to Kyle Robbins;

    c.    Any person(s) or entity(ies) not presently named as a party to this suit.

**INTERROGATORY NO. 4.**

Please describe in detail the status of defendant Kyle Robbins' employment by you specifically including but not limited to the following:

    a.    the full extent of your relationship(s) to him (*i.e.*, employee, etc.) at the time of the subject collision and at present;

    b.    all dates of his employment by you (including date of initial employment, date of last employment, and the dates of any periods between the same wherein he was not employed by you);

    c.    all job titles/positions held by him in the course of his employment by you; the dates of same; and all duties/responsibilities associated with each such title/position;

    d.    the name(s) of his immediate supervisors for each such job title, specifically including on the date of the subject collision giving rise to this suit, and for each such supervisor, state his/her last known place of employment and contact information.

    e.    all manner and measure of compensation to him by you, whether by salary, hourly, commission, milage, etc.) in effect on the date of the subject collision giving rise to this litigation and all times before or since;

    f.    all reasons he was operating the 2014 Freightliner M2106 Utility Bucket

Truck owned by you and identified in the subject police report at the time of the subject collision (regardless of his employment status), including but not limited to:

  i.   by whose authorization he was operating it;

  ii.  the purpose for its operation by him on the date and at the time of the subject collision;

  iii. the process by which he came to be in possession of the vehicle and, at the time of the subject collision, its operator;

  iv.  where he was traveling from and where he was going;

  v.   whether he was engaged in the performance of any employment duties at the time of the subject collision; and

  vi.  any and all benefits to you sought by him operation of the vehicle on that date and at that time.

g.  any and all instances in the course of his employment by you that he was warned, reprimanded, suspended, terminated, or otherwise disciplined by you or agents acting on your behalf for any reason and, for each such instance, please state the reasons for said action;

h.  any and all instances wherein defendant Robbins was involved in any vehicular collision or alleged collision while operating a vehicle owned by you and/or while in the course and scope of his employment by you and, for each such instance, describe in detail including the date(s) and location(s) thereof;

i.  any and all instances wherein any action or inaction by defendant Robbins resulted in a complaint or claim (whether by suit or otherwise) to or against you, whether for damage to property, bodily injury, or otherwise, and, for each such instance, describe in detail including the date(s) and location(s) thereof.

j.  if he is no longer employed by you, all reasons and circumstances surrounding the termination of his employment.

**INTERROGATORY NO. 5.**

Please describe in detail, including the dates, substance, and length of, any and all training and/or supervision provided to or required by you relative to defendant Kyle Robbins's operation of any vehicle while in your employ, specifically including but not limited to the subject 2014 Freightliner M2106 Utility Bucket Truck involved in the

- 5 -

collision giving rise to this suit.

**INTERROGATORY NO. 6.**

Please state when and how you first learned of the collision sued upon herein and all measures taken by you as a direct response, specifically including but not limited to any and all investigation conducted by you concerning the incident's occurrence.

**INTERROGATORY NO. 7.**

Have you, your attorney, or any person acting for or on your behalf, or at the request of either of you, secured or obtained, ordered, or reviewed any photographs pertaining to this litigation, the damages sustained by any person or entity therein, and/or showing the scene of the collision? If so please state:

   a.   The names, addresses and telephone numbers of any and all persons having custody of those photographs and of the persons photographing same;

   b.   If you will do so without a motion to produce, please attach to your answers to these interrogatories, copies of all photographs.

**INTERROGATORY NO. 8.**

Please state whether you were the registered owner of the 2014 Freightliner M2106 Utility Bucket Truck being operated by defendant Kyle Robbins at the time of the subject collision giving rise to this suit.

**INTERROGATORY NO. 9.**

Please describe in detail any and all written policies and procedures maintained by you on the date of the subject collision concerning drug and/or alcohol testing for an employee involved in a motor vehicle collision, specifically including but not limited to:

   a.   Said employee's duty to report the collision to you;

   b.   The nature of any and all testing to be administered following a report of such a collision, including what it tests for when it is to be administered, by whom it is to be administered, and any/all employment consequences to result from positive testing results.

- 6 -

**INTERROGATORY NO. 10.**

Please state and describe in detail any and all drug, alcohol, or other substance testing requested by you of or otherwise conducted of defendant Robbins in connection with the collision giving rise to this suit, including the date(s), time(s), and full results thereof.

**INTERROGATORY NO. 11.**

Please identify by name, present business address and field of specialization, each person you or your attorney expect to call as an expert witness at the time of the trial of this case, stating the substance of the facts and opinions to which he/she is expected to testify and giving a summary of the grounds for each opinion.

**INTERROGATORY NO. 12.**

State specifically and exactly if any surveillance photographs, films, video tape, audio tape, or other means of reproduction were taken by you, your agent, employee and/or other representative depicting:

a.      The incident sued upon herein (i.e. "dash cam" type recordings); and/or

b.      Pertaining to the investigation of the plaintiffs' claim for damages.

**INTERROGATORY NO. 13.**

Please identify, stating the names, addresses, home, and business telephone numbers of any and all person(s) who participated in preparing the answers to the foregoing interrogatories.

*** PLEASE INCLUDE WITH YOUR RESPONSES TO THE FOREGOING*
*INTERROGATORIES THE WRITTEN AND SIGNED VERIFICATION*
*REQUIRED BY ARTICLE 1458 OF THE LOUISIANA CODE OF CIVIL*
*PROCEDURE. ***

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1.**

In connection with the preceding interrogatories, please produce and attach a true copy of any and all policies of insurance identified in response thereto, including any and all policies of excess and umbrella insurance, and including all declaration pages, special endorsements and other attachments thereto.

**REQUEST NO. 2.**

Please produce and attach true copies of any and all records, reports, or other documentation created by you, at your direction, or on your behalf, or within your possession, whether written, digital, or otherwise, which indicate, describe, or otherwise relate to the incident giving rise to this litigation, specifically including but not limited to copies of any and all incident or accident reports, ACORD forms, and/or other documents prepared by you or anyone on your behalf and/or submitted by you or at your direction to your employer, your insurer, or any other person or entity in connection with the incident sued upon herein.

**REQUEST NO. 3.**

Please produce and attach any and all expert reports for witnesses with whom you have consulted or intend to consult in connection with the incident sued upon herein.

**REQUEST NO. 4.**

If only verbal statements have been rendered by any such experts, please produce and attach a summary of any such statements.

**REQUEST NO. 5.**

Please produce the original evidence, and attach true or certified copies, of any and all documentary evidence that you intend or might intend to use as exhibits at the trial of this matter, including but not limited to demonstrative, impeachment, and/or physical evidence.

**REQUEST NO. 6.**

Please produce and attach any and all originals or negatives of any and all photographs and/or video recordings taken by anyone on behalf of any of the defendants in the case or in the possession of any of the defendants or their attorneys in the case. For any such photographs or video recordings captured in digital format, please produce and attach the corresponding digital files.

**REQUEST NO. 7.**

Please produce and attach true or certified copies of any and all statements, whether written, oral, or otherwise, obtained in connection with interviews with any witnesses, including petitioners, relative to the incident sued upon herein. For recorded statements, please produce both the recording itself and any and all transcripts thereof. Note: if you claim a privilege in connection with this request, please state:

    a.     The nature of the privilege asserted;

    b.     The identification of person(s) from whom statements were taken;

    c.     The date(s) and time(s) the statement(s) were taken;

    d.     The name, address and telephone number of the person(s) who took the statement;

    e.     Whether the statement was recorded, written, and/or videotaped; and

    f.     The identity of the present custodian of any and all such statement(s).

**REQUEST NO. 8.**

In connection with the preceding interrogatories, please produce and attach a copy of any and all surveillance and/or investigative photographs, video tapes, audio tapes or other means of reproduction depicting:

    a.     The incident sued upon herein (i.e. "dash cam" type recordings); and/or

    b.     Pertaining to your investigation of plaintiffs' claim for damages in the above-captioned case. For any such materials captured in digital format, please

produce and attach the corresponding digital files.

**REQUEST NO. 9.**

Please produce and attach true or certified copies of any and all documentation, writings, correspondence, memoranda, data and/or any other writing provided by you to any and all expert witnesses you have retained in the above captioned case to provide an opinion as to liability and/or damages.

**REQUEST NO. 10.**

Please produce and attach true or certified copies of any and all repair bills, records, or estimates of repair or any other documentation indicating damage sustained by any vehicle involved in the subject incident sued upon herein from the date of the subject collision to present.

**REQUEST NO. 11.**

Please produce and attach a copy of any and all medical records of the petitioners in your possession or the possession of any agent (including attorney) acting on your behalf, regardless of the source thereof.

**REQUEST NO. 12.**

Please produce and attach certified copies of any and all written policies, procedures, manuals, pamphlets or other documents provided by you to defendant Robbins or otherwise applicable to his employment by you, including on the date of the collision giving rise to this suit, and whether pertaining to instruction, safety, the operation of a vehicle while in the course of employment, or any other related matter.

**REQUEST NO. 13.**

Please produce your entire employment file relative to defendant Kyle Robbins, from the date of his employment by you to present, and specifically including any and all complaints, warnings, reprimands, suspensions, or termination.

**REQUEST NO. 14.**

Please produce and attach copies of any and all documents relied upon, referenced in, or otherwise supporting your answers to the foregoing interrogatories propounded concurrently herewith.

**REQUEST NO. 15.**

Please produce and attach any and all billing statements, usage statements, logs, itemizations, or other such documentation evidencing service(s) for and use of any and all portable phone(s), cell phone(s), wireless phone(s), satellite phone(s), or other such communication device(s) provided by you or on your behalf to defendant Robbins, including an itemization of all calls made to or from said communications device(s), for the month of September 2021, and specifically including September 8, 2021.

**\*\* Article 1428 of the Louisiana Code of Civil Procedure requires seasonable supplementation of your responses to the preceding interrogatories and request for production of documents. \*\***

LAW OFFICES OF GREGORY P. DILEO, APLC

By: _____

Gregory P. DiLeo, LSBA #4943
Benjamin W. Gulick, LSBA #34874
300 Lafayette Street, Suite 101
New Orleans, LA 70130
Telephone:    (504) 522-3456
Facsimile:    (504) 522-3888
Email:        contact@gregdileo.com
              bengulick@gregdileo.com

*Attorneys for Plaintiffs, Kisha T. Boudreaux,*
*Individually and on behalf of her minor child,*


FILED

SEP 0 1 2022

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing was requested to be made concurrent with service of the plaintiffs' Petition for Damages, as authorized by Articles

- 11 -

1457(A) and 1462(A) of the Louisiana Code of Civil Procedure.

Certified this _3 1_ day of _____, 2022.

_____
Gregory P. DiLeo, Esq.
Benjamin W. Gulick, Esq.


*Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al.*
32nd JDC, No. _____, Div. "_____"
"Plf's I&R's to Sparks Energy"

## **ARTICLE 1458 VERIFICATION**

STATE OF LOUISIANA

PARISH OF _____

       BEFORE ME, the undersigned Notary Public, did personally come and appear _____, affiant herein, who, in accordance with the provisions of Article 1458 of the Louisiana Code of Civil Procedure, after first being duly sworn, did depose and state as follows on behalf of **Sparks Energy, Inc.**:

(1)    I am a person of the full age of majority competent to testify in courts of law in, of, and for the State of Louisiana;

(2)    I submit this Article 1458 Verification on behalf of Sparks Energy, Inc., a named defendant in the matter of *Kisha T. Boudreaux, et al v. Transportation Ins. Co., et al.*, 32nd JDC, Docket No. _____, Div. "____".

(3)    I am a/an _employee / member / owner / director / legal representative / other (circle one)_ of Sparks Energy, Inc., and am authorized by the same to execute this Verification on its behalf;

(4)    My position/title is _____ ;

(5)    I have read and hereby confirm the answers and objections by Sparks Energy Inc., to interrogatories propounded in this matter by Kisha T. Boudreaux, individually and on behalf of her minor child, Jayden L. Boudreaux, which answers and objections are dated _____ ;

(6)    All facts and allegations made in said answers and objections are true and correct to the best of my knowledge, information, and belief.

 

_____

AFFIANT

_____

(printed name)

_____

(date)

This sworn to, subscribed, and done before me on this _____ day of _____, 20____, in _____, Louisiana.

_____

Notary Public

Notary / LSBA No.: _____

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

NO. 194584                                                    DIVISION "B"

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD, ███████████████

VERSUS

TRANSPORTATION INSURANCE COMPANY; KYLE ROBBINS;
SPARKS ENERGY, INC.; AND
PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED: _____          _____
                                                      DEPUTY CLERK

## INTERROGATORIES AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS

To:   **PROGRESSIVE PALOVERDE INSURANCE COMPANY**
      *To be served concurrently with the plaintiffs' Petition for Damages*
      through its Registered Agent for Service of Process:

      Louisiana Secretary of State
      8585 Archives Ave.
      Baton Rouge, LA 70809

      Plaintiff, **Kisha T. Boudreaux, individually and on behalf of her minor child,**

██████████████ propounds the following Interrogatories and Requests for

Production of Documents to defendant **Progressive Paloverde Insurance Company**,

pursuant to Louisiana Code of Civil Procedure Articles 1457 through 1460. Each

Interrogatory and Request for Production of Documents is to be answered separately and

fully, in writing and under oath, and signed by the person making them. The defendant's

answers and responses are to be served on undersigned counsel at 300 Lafayette Street, Suite

101, New Orleans, Louisiana 70130 within thirty (30) days of service hereof. This discovery

shall be deemed continuing to the full extent allowed by the Louisiana Code of Civil

Procedure.



## DEFINITIONS

a.  Reference to "you" and all variations of that pronoun or references to "defendant" shall be deemed to refer to the defendant personally, as well as to all persons employed by, representing, or otherwise acting in concert with the defendant and shall be deemed to require information concerning the knowledge of such persons as well as knowledge of the defendant personally.

b.  The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or any other business or legal entity or institution.

c.  The term "document" means the original and all identical copies (whether different from the original because of such copy or otherwise) of a written, printed, typed, recorded graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control, including but not limited to all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data communications, correspondence, (whether tangible or intangible) from which information can be obtained or can be translated through detection devices and to reasonably usable tangible form, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, minutes of meetings, stenographic, typed or handwritten notes, studies, estimates, reports, evaluations, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, xerox or any tangible thing which constitutes or contains matter within the scope of the La. Code of Civil Procedure.

d.  The term "identify" and "describe" shall mean;

1.  When used in reference to an individual, state the name and present or last known position and business affiliation of that person.  If such person is or has been employed by you, also state the dates of his employment by you and the jobs which he held or performed as your employee, including his specific duties and job description, if available;

2.  When used in reference to a corporation, state its full name, its state of incorporation, its date of incorporation, and its principal place of business;

3.  When used in reference to a person other than the individual or corporation, state its official name, its occupational form, its address and its principal place of business, if any;

4.  When used in reference to a document, state the type of document, date, offer, addressee, title, its present location, name and address of its custodian, and the substance of the documents of the contents thereof.  In lieu of identifying any documents, copies thereof may be furnished;

5.  When used in reference to any act, occurrence, occasion, meaning or conduct, set forth in the event or events constituting such act, its location, the date and persons participating, present or involved and the documents relating or referring in any way thereto;

6.  When used in reference to a contract or agreement, state the date thereof, the nature thereof, whether it was written or oral, the identity of the representative with whom you contracted or so agreed, the identity of the interest so contracting, summary of the nature the matters covered in the contract of agreement, and whether any written documentation or correspondence was prepared or exchanged in connection with said contract or agreement;

e.  "Relevant to", "pertain", or "pertaining thereto" means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense of the word.

f.  With respect to each document otherwise called for by the Request for Production of Documents to which a claim of privilege or applicability of the work product doctrine is asserted, please separately state the following:

1.  The type of document;
2.  Its date;
3.  The name, business address, and present position of its author or authors;
4.  The position of its author or authors at the time that the document was prepared;

5.    The name, business address and present position of the addressee and all other recipients of the document;
6.    The position of the addressee and all other recipients at the time the document was prepared and at the time the document was received;
7.    The general description of the subject matter of the document;
8.    The basis of the claim or the privilege;
9.    The proceeding through which the document was prepared;
10.   That the basis of the claim or privilege is the work product doctrine.

g.    The term "incident" as used hereinafter shall, unless otherwise designated, refer to the collision that occurred on or about Wednesday, September 8, 2021, and described in the plaintiff's "Petition for Damages," which collision gave rise to and forms the basis of the instant litigation.

## INTERROGATORIES

## INTERROGATORY NO. 1.

Please state the names, home and business addresses, places of employment, home and business telephone numbers and last known whereabouts of:

a.    Any and all persons known to you, your agent, or your attorney who witnessed the incident sued upon herein or who was in the vicinity of the incident sued upon herein before, at the time of, or just after its occurrence, and/or who has personal knowledge of the incident sued upon herein;

   i.    For each such individual, summarize the contents of his/her knowledge and the means by which said individual came to witness or have personal knowledge of the subject incident;

b.    Any and all persons or firms known to you or your attorney who possesses or claims to possess knowledge or information of any fact or record relevant to the occurrence or occurrences giving rise to this litigation and summarize the contents of their knowledge;

c.    Any and all other witnesses upon whom you will rely to defend your liability in this case and summarize the contents of their knowledge;

d.    Any and all persons from whom a statement, whether written or oral, has been obtained by you or on your behalf relating in any way to the incident sued upon herein.

## INTERROGATORY NO. 2.

Please identify specifically and exactly, with policy number and any other identifying information, any and all policies of liability insurance which afford or arguably afford coverage for the incident sued upon in this case, including but not limited to limits of liability, medical payments, property damage and all other coverages stated on said policy

- 3 -

or policies, and including any and all policies of supplemental, umbrella, and/or excess liability insurance which afford or arguably afford coverage for the incident sued upon in this case.

## INTERROGATORY NO. 3.

If you believe, contend, or claim that any of the following were at fault, in whole or in part, or otherwise caused or contributed to the incident sued upon herein, please explain in detail, providing all facts upon which that belief, contention, or claim is based and the sources thereof:

     a.     Plaintiff, Kisha Boudreaux;

     b.     Defendant, Kyle Robbins;

     c.     Any person(s) or entity(ies) not presently named as a party to this suit.

*** Please note that, in addition to its general application, this interrogatory specifically pertains to any and all denials and affirmative defenses asserted in your Answer to the plaintiff's "Petition for Damages," bearing in mind that the signature of a licensed attorney on such Answer constitutes a certification by him/her that, among other things, "[e]ach allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" and that "[e]ach denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.". (See La.C.C.P. art. 863(B(3) and (4).) ***

## INTERROGATORY NO. 4.

For each and every denial and/or affirmative defense asserted in you Answer to the plaintiff's Petition for Damages, please state in specific detail all facts upon which said denial and/or affirmative defense is based, including for each such fact the source(s) thereof.

     (See note to Interrogatory No. 4, *supra*.)

## INTERROGATORY NO. 5.

Please state and fully describe the full history of insurance you have ever afforded to plaintiff Kisha Boudreaux, including but not limited to all time periods thereof, her full

claim history, a total of all premiums billed and/or paid throughout, and any and all payments made by you to her or on her behalf and the reasons therefore. (Note: The total of all premiums billed/paid need not be adjusted to reflect its value in present-day dollars.)

## INTERROGATORY NO. 6.

Please state whether any interview or statement pertaining to the incident and/or claims sued upon herein, regardless of form, has been taken, obtained, or reviewed by you or on your behalf, and, if so, for each such interview or statement, please:

    a.    summarize the substantive contents;

    b.    identify by whom it was given;

    c.    identify when (including date and time) and where it was given and all persons present;

    d.    identify how and the form in which it was given and taken (*e.g.*, written, oral, telephone, video, etc.)

    e.    if given verbally/orally, identify whether it was recorded and whether it was transcribed; and

    f.    identify the statement's present custodian, including name, address, and telephone number.

## .INTERROGATORY NO. 7.

Please state and fully describe your complete understanding of how the subject and sued-upon collision of September 8, 2021, occurred, including all relevant events, actions, or inactions that in any way caused or contributed to its occurrence, and state, identify, and fully describe the full factual basis for the same, including for each such fact the source(s) thereof.

## INTERROGATORY NO. 8.

If you deny coverage for the injuries sustained by the plaintiffs herein in the subject collision of September 8, 2021, please state, identify, and fully describe the full factual basis for said denial, identifying the source of each and every such fact.

**INTERROGATORY NO. 9.**

Please state when and how you first learned of the collision sued upon herein and all measures taken by you as a direct response, specifically including but not limited to any and all investigation conducted by you concerning the incident's occurrence.

**INTERROGATORY NO. 10.**

Please identify and specifically describe any and all documents you have received pertaining to (a) the plaintiffs' damages sustained in the sued-upon collision (including both property and/or bodily injury), and (b) the insured status of defendant Robbins and the sufficiency, *vel non*, thereof in relation to the plaintiffs' damages, providing for each such document the date on which you received it and how/from whom it was received.

** Please note that, like all responses to this written discovery, your response hereto is subject to seasonable and timely supplementation as additional responsive documents and/or information is received by you in the course of this litigation. **

**INTERROGATORY NO. 11.**

Have you, your attorney, or any person acting for or on your behalf, or at the request of either of you, secured or obtained, ordered, or reviewed any photographs pertaining to this litigation, the damages sustained by any person or entity therein, and/or showing the scene of the collision? If so please state:

    a.    The names, addresses and telephone numbers of any and all persons having custody of those photographs and of the persons photographing same;

    b.    If you will do so without a motion to produce, please attach to your answers to these interrogatories, copies of all photographs.

**INTERROGATORY NO. 12.**

Please identify each and every written report within your possession or of which you are aware made by any person concerning the subject incident, including in your identification the name(s) of the individual(s) who prepared the reports, when they were

prepared, and their current location or custodian.

**INTERROGATORY NO. 13.**

Please identify and describe by full name, title, business address, telephone number, academic and professional credentials, and field of specialization each and every expert witness with whom you have consulted, with whom you intend to consult, and/or upon whose testimony you intend or may intend to rely at trial of this matter.

**INTERROGATORY NO. 14.**

For each person listed in response to the preceding interrogatory, please state, identify, and fully describe:

     a.    the substance and nature of the opinion(s) which s/he is expected to offer;

     b.    the full basis relied upon and methodology used in forming and/or rendering each opinion, including but not limited to the full factual basis and all documents or other materials consulted or relied upon; and

     c.    whether s/he has issued a report of any kind, identifying whether written or verbal, and including any and all drafts of same.

**INTERROGATORY NO. 15.**

State specifically and exactly if any surveillance photographs, films, video tape, audio tape, or other means of reproduction were taken by you, your agent, employee and/or other representative depicting:

     a.    The incident sued upon herein (i.e. "dash cam" type recordings); and/or

     b.    Pertaining to the investigation of the plaintiffs' claim for damages.

**INTERROGATORY NO. 16.**

Please describe specifically and exactly for all vehicles involved in the subject collision, all damage sustained or alleged to have been sustained in the subject collision and any and all repairs or estimates of repair related thereto.

**INTERROGATORY NO. 17.**

Please describe specifically and exactly any and all bodily injuries sustained or alleged to have been sustained by any and all persons involved in and due to the subject collisions, including any and all medical treatment therefor, of which you are aware, whether at the scene of the incident giving rise to this litigation or subsequent thereto.

**INTERROGATORY NO. 18.**

Please identify with specificity any and all documentary and/or physical evidence you intend or may intend to use in your defense of this case for any purpose, including but not limited to demonstrative evidence and/or impeachment evidence, and identify the source(s) thereof.

**INTERROGATORY NO. 19.**

Please identify, stating the names, addresses, home, and business telephone numbers of any and all person(s) who participated in preparing the answers to the foregoing interrogatories.

*** *PLEASE INCLUDE WITH YOUR RESPONSES TO THE FOREGOING INTERROGATORIES THE WRITTEN AND SIGNED VERIFICATION REQUIRED BY ARTICLE 1458 OF THE LOUISIANA CODE OF CIVIL PROCEDURE.* ***

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST NO. 1.**

Please produce any and all documents, writings, materials, electronically or digitally stored information, materials, and/or things supporting, evidencing, underlying, relied upon by you in answering, identified or referenced in response to, and/or in any way related to the foregoing interrogatories and/or your answers thereto.

**REQUEST NO. 2.**

In connection with the preceding interrogatories, please produce and attach a true

copy of any and all policies of insurance identified in response thereto, including any and all policies of excess and umbrella insurance, and including all declaration pages, special endorsements and other attachments thereto.

**REQUEST NO. 3.**

Please produce and attach true copies of any and all records, reports, or other documentation created and/or received by you, at your direction, or on your behalf, or within your possession, whether written, digital, or otherwise, which indicate, describe, or otherwise relate to the incident giving rise to this litigation, specifically including but not limited to copies of any and all incident or accident reports, ACORD forms, and/or other documents prepared or received by you or anyone on your behalf and/or submitted by or to you in connection with the incident sued upon herein.

**REQUEST NO. 4.**

Please attach and produce true copies of any and all records or other documentation in your possession or control reflecting vehicular collisions or other incidents giving rise to legal and/or insurance claims or litigation, regardless of fault, involving defendant Robbins, in the last ten years.

**REQUEST NO. 5.**

Please attach and produce true copies of any and all records or other documentation in your possession or control reflecting vehicular collisions or other incidents giving rise to legal and/or insurance claims or litigation, regardless of fault, involving plaintiff Kisha Boudreaux in the last ten years.

**REQUEST NO. 6.**

Please attach and produce true copies of your full file relative to insurance coverage afforded by you to plaintiff Kisha Boudreaux over the full course of same, including but not limited to all premium payments billed and received and his full claim history.

- 9 -

**REQUEST NO. 7.**

Please attach any and all expert reports by witnesses with whom you have consulted or intend to consult in the investigation of the incident sued upon herein. If only verbal statements have been rendered by any such experts, please attach a summary of all such statements.

**REQUEST NO. 8.**

For each and every expert witness with whom you have consulted or intend to consult or on whose testimony you intend to rely in any way at trial of this matter, please produce and attach his/her *curriculum vitae*, billing rate sheet, and list of all cases in which s/he has been retained by any party in litigation over the last ten years, including for each such case the identifying court and docket information, whether such retaining party was a plaintiff or defendant, and all fields of expertise in which said witness has been accepted by the court.

**REQUEST NO. 9.**

Please produce the original evidence, and attach true or certified copies, of any and all documentary evidence that you intend or might intend to use as exhibits at the trial of this matter, including but not limited to demonstrative, impeachment, and/or physical evidence.

**REQUEST NO. 10.**

Please attach and produce any and all documents within your possession or control alleging, documenting, evidencing, and/or in any other way pertaining to (a) the plaintiff's damages sustained in the sued-upon collision (including both property and/or bodily injury, and (b) the insured status of defendant Robbins and the sufficiency, *vel non*, thereof in relation to the plaintiffs' damages.

**REQUEST NO. 11.**

Please attach and produce any and all originals or negatives of any and all photographs, audio recordings, video recordings, or other means of reproduction taken by

anyone on behalf of any of the defendants in the case or in the possession of any of the defendants or their attorneys in the case, including but not limited to those depicting the incident giving rise to the litigation sued upon herein, any of the vehicles involved in the subject collision, surveillance of any person or persons, and/or in any way taken in connection with your investigation of the incident giving rise to or claims asserted by this suit. For any such photographs or recordings captured in digital format, please produce and attach the corresponding digital files.

**REQUEST NO. 12.**

Please produce and attach true or certified copies of any and all statements, whether written, oral, or otherwise, obtained in connection with interviews with any witnesses, including petitioner, relative to the incident sued upon herein. For recorded statements, please produce both the recording itself and any and all transcripts thereof. Note: if you claim a privilege in connection with this request, please state:

    a.    The nature of the privilege asserted;

    b.    The identification of person(s) from whom statements were taken;

    c.    The date(s) and time(s) the statement(s) were taken;

    d.    The name, address and telephone number of the person(s) who took the statement;

    e.    Whether the statement was recorded, written, and/or videotaped; and

    f.    The identity of the present custodian of any and all such statement(s).

**REQUEST NO. 13.**

Please produce and attach true or certified copies of any and all documentation, writings, correspondence, memoranda, data and/or any other writing provided by you to any and all expert witnesses you have retained in the above-captioned case to provide an opinion as to liability and/or damages herein.

- 11 -

**REQUEST NO. 14.**

Please produce and attach true or certified copies of any and all repair bills, records, or estimates of repair or any other documentation indicating damage sustained by any vehicle involved in the subject incident sued upon herein from the date of the subject collision to present.

**REQUEST NO. 15.**

Please produce and attach a copy of any and all records of the petitioner in your possession, whether obtained pursuant to an authorization or not, whether considered impeachment or not, and including but not limited to:

  a.    Employment records;

  b.    Medical records;

  c.    Social Security Disability records;

  d.    Social Security Income records;

  e.    Income tax records;

  f.    Criminal records;

  g.    Driving history;

  h.    Litigation history; and/or

  i.    Insurance claim history.

**REQUEST NO. 16.**

Please produce an executed verification relative to your responses to the foregoing interrogatories as required by Article 1458 of the Louisiana Code of Civil Procedure, a satisfactory draft of which is being provided concurrently with these Requests.

**\*\* Article 1428 of the Louisiana Code of Civil Procedure requires seasonable supplementation of your responses to the preceding interrogatories and request for production of documents. \*\***

LAW OFFICES OF GREGORY P. DILEO, APLC

By: _____

Gregory P. DiLeo, LSBA #4943
Benjamin W. Gulick, LSBA #34874
300 Lafayette Street, Suite 101
New Orleans, Louisiana 70130
Telephone:   (504) 522-3456
Facsimile:   (504) 522-3888
Email:        contact@gregdileo.com
              bengulick@gregdileo.com

*Attorneys for Plaintiffs, Kisha T. Boudreaux,*
*individually and on behalf of her minor child,*
███████████████

**FILED**

SEP 0 1 2022

_Sarhee E. Bonduin_
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing was requested to be made concurrent with service of the plaintiffs' Petition for Damages, as authorized by Articles 1457(A) and 1462(A) of the Louisiana Code of Civil Procedure.

Certified this 31 day of _Aug_, 2022.

_____
Gregory P. DiLeo, Esq.
Benjamin W. Gulick, Esq.

*Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al.*
32nd JDC, No. _____, Div. "____"
"Plf's I&R's to Progressive Paloverde Ins. Co."

BOUDREAUX, KISHA & JAYDEN\PLF'S I&RS TO PROGRESSIVE PALOVERDE INS CO\sp

## ARTICLE 1458 VERIFICATION

STATE OF LOUISIANA

PARISH OF _____

     BEFORE ME, the undersigned Notary Public, did personally come and appear _____, affiant herein, who, in accordance with the provisions of Article 1458 of the Louisiana Code of Civil Procedure, after first being duly sworn, did depose and state as follows on behalf of **Progressive Paloverde Insurance Company**:

(1)    I am a person of the full age of majority competent to testify in courts of law in, of, and for the State of Louisiana;

(2)    I submit this Article 1458 Verification on behalf of Progressive Paloverde Insurance Company, a named defendant in the matter of *Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al.*, 32nd JDC, Docket No. ___ _____, Div. "_____";

(3)    I am a/an _employee / member / owner / director / legal representative / other (circle one)_ of Progressive Paloverde Insurance Company and am authorized by the same to execute this Verification on its behalf;

(4)    My position/title is _____ ;

(5)    I have read and hereby confirm the answers and objections by Progressive Paloverde Insurance Company to interrogatories propounded in this matter by Kisha Boudreaux, individually and on behalf of her minor child, Jayden Boudraux, which answers and objections are dated _____ ;

(6)    All facts and allegations made in said answers and objections are true and correct to the best of my knowledge, information, and belief.


_____

AFFIANT

_____

(printed name)

_____

(date)

This sworn to, subscribed, and done before me on this _____ day of _____, 2022, in _____, Louisiana.

_____

Notary Public

Notary / LSBA No.: _____

**APPENDIX 9.6**
**LOUISIANA CIVIL CASE REPORTING**
**Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court**
**General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules**

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Kisha T. Boudreaux, et al **vs.** Transportation Ins. Co., et al

**Court:** 32nd Judicial District Court   **Docket Number:** 194584

**Parish of Filing:** Terrebonne   **Filing Date:** 08/31/22   SEP 0 1 2022

**Name of Lead Petitioner's Attorney:** Gregory P. DiLeo, Esq.

**Name of Self-Represented Litigant:**_____

**Number of named petitioners:** 2   **Number of named defendants:** 4

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

X Auto: Personal Injury
__Auto: Wrongful Death
__Asbestos: Property Damage
__Product Liability
__Intentional Bodily Injury
__Intentional Wrongful Death
__Business Tort
__Defamation
__Environmental Tort
__ Intellectual Property
__ Legal Malpractice
__ Other Professional Malpractice
__ Maritime
__ Wrongful Death
__General Negligence

__ Auto: Property Damage
X Auto: Uninsured Motorist
__ Asbestos: Personal Injury/Death
__ Premise Liability
__ Intentional Property Damage
__ Unfair Business Practice
__ Fraud
__ Professional Negligence
__ Medical Malpractice
__ Toxic Tort
__ Other Tort (describe below)
__ Redhibition
__ Class action (nature of case)

FILED

SEP 0 1 2022

*Parhee Brudwin*

DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
 Hit and run rear end collision

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name   Gregory P. DiLeo   Signature _Greg DiLeo_

Address   300 Lafayette St., Ste. 101, New Orleans, LA 70130

Phone number:  (504) 522-3456   E-mail address:   contact@gregdileo.com

194584

CASH ONLY IF ALL *CheckLock*™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR CO

4042

**LAW OFFICES OF GREGORY P. DiLEO, APLC**
**CLIENT COST ACCOUNT**
300 LAFAYETTE ST STE 101
NEW ORLEANS, LA 70130-3289
(504) 522-3456

WHITNEY BANK
WHITNEYBANK.COM
84-15/654

8/31/2022

$ **80.88

PAY TO THE
ORDER OF     East Baton Rouge Sheriff

DOLLARS

Eighty and 88/100****************************************************

⬟ PROTECTED AGAINST FRAUD ⬟

East Baton Rouge Sheriff

MEMO     Petition & Discovery - Boudreaux, Kisha & Jayden- S

⑈004042⑈ ⑆065400153⑆ 110128418⑈

---

194584

CASH ONLY IF ALL *CheckLock*™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

4041

**LAW OFFICES OF GREGORY P. DiLEO, APLC**
**CLIENT COST ACCOUNT**
300 LAFAYETTE ST STE 101
NEW ORLEANS, LA 70130-3289
(504) 522-3456

WHITNEY BANK
WHITNEYBANK.COM
84-15/654

8/31/2022

$ **100.00

PAY TO THE
ORDER OF     Secretary of State

DOLLARS

One Hundred and 00/100****************************************************

⬟ PROTECTED AGAINST FRAUD ⬟

Secretary of State
Commercial Division
P.O. Box 94125
Baton Rouge, LA 925-4704

© 2021 INTUIT INC. 1-800-433-8810

MEMO     Petition & Discovery - Boudreaux, Kisha & Jayden- S

⑈004041⑈ ⑆065400153⑆ 110128418⑈

---

194584

CASH ONLY IF ALL *CheckLock*™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

4040

**LAW OFFICES OF GREGORY P. DiLEO, APLC**
**CLIENT COST ACCOUNT**
300 LAFAYETTE ST STE 101
NEW ORLEANS, LA 70130-3289
(504) 522-3456

WHITNEY BANK
WHITNEYBANK.COM
84-15/654

8/31/2022

$ **500.00

PAY TO THE
ORDER OF     Clerk of Court

DOLLARS

Five Hundred and 00/100****************************************************

⬟ PROTECTED AGAINST FRAUD ⬟

Clerk of Court

MEMO     Petition & Discovery - Boudreaux, Kisha & Jayden

⑈004040⑈ ⑆065400153⑆ 110128418⑈

SCANNED
SEP 01 2022

## CITATION (LONG ARM STATUTE)

**KISHA T BOUDREAUX**



*Case: 0194584*

*Division: B*

*Versus*

*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

**TRANSPORATION INSURANCE COMPANY, ET AL**

---

TO:  SPARKS ENERGY, INC.
THROUGH LOUISIANA LONG ARM SERVICE
SHAWN ENGEN
FOR SERVICE OF PROCESS
1370 KIRBY BRIDGE ROAD
DANVILLE, AL 35619

**YOU ARE HEREBY SUMMONED** to comply with the demand of the Petition, filed on September 1, 2022 , a true and faithful copy whereof accompanies this citation, or to make an appearance by filing an answer or other pleading thereto, in writing with the Clerk Of Court at her office in the City of Houma, Louisiana within thirty (30) days after the service hereof; and your failure to so comply will subject you to the penalty of having a default judgment rendered against you.

Witness my hand and official seal this 1st day of September, 2022.

*Theresa A. Robichaux, Clerk of Court*

BY: *Alyson Self-Thomassie*
*Deputy Clerk of Court*

*Requested by:*
*Mr. Gregory P. DiLeo*
*Attorney at Law*
*300 Lafayette Street, Suite 101*
*New Orleans, LA  70130*
*(504) 522-3456*

[ ORIGINAL ]

# CITATION ON INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**BOUDREAUX, KISHA T**

*Versus*

**TRANSPORATION INSURANCE COMPANY - ET AL**



Civil Case: 0194584
Division: B
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

TO:     SPARKS ENERGY, INC.
        THROUGH LOUISIANA LONG ARM SERVICE
        SHAWN ENGEN
        FOR SERVICE OF PROCESS
        1370 KIRBY BRIDGE ROAD
        DANVILLE, AL  35619

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

☐ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☒ **Discovery Request**

The petition was filed into this office on September 1, 2022.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. O. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.** The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 1st day of September, 2022.

                              **THERESA A. ROBICHAUX**
                              **CLERK OF COURT**

                    By: *Alyson Self Thomassie*
                              **Deputy Clerk of Court**

**Requested by:** Mr. Gregory P. DiLeo, Attorney at Law
               300 Lafayette Street, Suite 101, New Orleans, LA 70130; (504) 522-3456

**Returned and Filed**

_____

_____
**Deputy Clerk of Court**

[ ORIGINAL ]

## CITATION (LONG ARM STATUTE)

**KISHA T BOUDREAUX**



Case: 0194584

Division: B

**Versus**

32nd Judicial District Court
Parish of Terrebonne
State of Louisiana

**TRANSPORATION INSURANCE COMPANY, ET AL**

TO:  KYLE ROBBINS
     THROUGH LOUISIANA LONG ARM SERVICE
     7 HICKORY HILLS DR.
     BATH, PA  18014

   **YOU ARE HEREBY SUMMONED** to comply with the demand of the Petition, filed on  September 1, 2022 , a true and faithful copy whereof accompanies this citation, or to make an appearance by filing an answer or other pleading thereto, in writing with the Clerk Of Court at her office in the City of Houma, Louisiana within thirty (30) days after the service hereof; and your failure to so comply will subject you to the penalty of having a default judgment rendered against you.

Witness my hand and official seal this  1st  day of September, 2022.

                                        Theresa A. Robichaux, Clerk of Court

                                        BY: *Alyson Self Thomassie*
                                            Deputy Clerk of Court

Requested by:
Mr. Gregory P. DiLeo
Attorney at Law
300 Lafayette Street, Suite 101
New Orleans, LA  70130
(504) 522-3456

[ ORIGINAL ]

# CITATION ON INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

| | | |
|---|---|---|
| **BOUDREAUX, KISHA T** | | Civil Case: 0194584 |
| | | Division: B |
| Versus |  | 32nd Judicial District Court |
| | | Parish of Terrebonne |
| TRANSPORATION INSURANCE COMPANY - ET AL | | State of Louisiana |

TO:     KYLE ROBBINS
           7 HICKORY HILLS DR
           BATH, PA 18014

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☐ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☒ **Discovery Request**

The petition was filed into this office on September 1, 2022.

    **YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.** The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 1st day of September, 2022.

        **THERESA A. ROBICHAUX**
        **CLERK OF COURT**

        By: *Alyson Self Thompson*
           **Deputy Clerk of Court**

**Requested by:** Mr. Gregory P. DiLeo, Attorney at Law
              300 Lafayette Street, Suite 101, New Orleans, LA 70130; (504) 522-3456

**Returned and Filed**

_____

_____
    **Deputy Clerk of Court**

[ ORIGINAL ]

# CITATION ON PETITION



**BOUDREAUX, KISHA T**

*Versus*

**TRANSPORATION INSURANCE COMPANY - ET AL**

*Civil Case: 0194584*
*Division: B*
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

## A RESIDENT OF EAST BATON ROUGE PARISH

TO:     TRANSPORATION INSURANCE COMPANY
        THROUGH THE LOUISIANA SECRETARY OF STATE
        FOR SERVICE OF PROCESS
        8585 ARCHIVES AVE.
        BATON ROUGE, LA 70809

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

- ☒ **Certified Copy of Original Petition**
- ☐ **Certified Copy of Amended Petition**
- ☒ **Discovery Request**

The petition was filed into this office on September 1, 2022.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

### Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### Article 1001 of the Louisiana Code of Civil Procedure states:

**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.** The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 1st day of September, 2022.

                              **THERESA A. ROBICHAUX**
                              **CLERK OF COURT**

                    By: **/s/ ALYSON SELF-THOMASSIE**
                         **Deputy Clerk of Court**

Requested by: Mr. Gregory P. Dileo, Attorney at Law
              300 Lafayette Street, Suite 101, New Orleans, LA 70130; (504) 522-3456

Returned and Filed

_____

_____
**Deputy Clerk of Court**

[ FILE COPY ]




## CITATION ON PETITION

**BOUDREAUX, KISHA T**

*Versus*

**TRANSPORATION INSURANCE COMPANY - ET AL**

Civil Case: 0194584
**Division: B**
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

### A RESIDENT OF EAST BATON ROUGE PARISH

TO:   PROGRESSIVE PALOVERDE INSURANCE COMPANY
      THROUGH THE LOUISIANA SECRETARY OF STATE
      FOR SERVICE OF PROCESS
      8585 ARCHIVES AVE.
      BATON ROUGE, LA  70809

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

☒ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☒ **Discovery Request**

The petition was filed into this office on September 1, 2022.

    **YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

### Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### Article 1001 of the Louisiana Code of Civil Procedure states:

**A.**  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.**  The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 1st day of September, 2022.

           **THERESA A. ROBICHAUX**
           **CLERK OF COURT**

By: **/s/ ALYSON SELF-THOMASSIE**
              **Deputy Clerk of Court**

Requested by:  Mr. Gregory P. Dileo, Attorney at Law
             300 Lafayette Street, Suite 101, New Orleans, LA 70130; (504) 522-3456

**Returned and Filed**

_____

_____
   **Deputy Clerk of Court**

[ FILE COPY ]



MAILING ADDRESS:

P. O. BOX 1569
HOUMA, LA 70361-1569

MAIN OFFICE:  (985) 868-5660
OFFICE FAX:  (985) 868-5143

PHYSICAL ADDRESS:

7856 MAIN ST.
HOUMA, LA 70360

(1ST FLOOR OLD COURTHOUSE BLDG.)

www.terrebonneclerk.org

## THERESA A. ROBICHAUX
### CLERK OF COURT

## PLEASE SIGN THE CERTIFICATE BELOW AND BRING, FAX OR MAIL BACK TO OUR OFFICE

### LONG ARM CERTIFICATE OF RECEIPT OF DOCUMENTS

Docket No. _194584_

_Kisha T. Boudreaux_

Vs.

_Transportation Ins. Co., et al_

This is to certify that I have this day received from the Terrebonne Parish Clerk of Court's Office, Civil Processing Department, all notices addressed to the defendant in the above numbered and entitled matter for the purpose of sending by me to the defendant through certified mail according to LA R.S. 13:3204.

_HENRY MENTZ JR_
PRINT NAME

_9/1/23_
DATE

_____
SIGNATURE

_Citation (2)_

## CITATION ON PETITION

**BOUDREAUX, KISHA T**

*Versus*

**TRANSPORATION INSURANCE COMPANY - ET AL**



**Civil Case: 0194584**
**Division: B**
**32nd Judicial District Court**
**Parish of Terrebonne**
**State of Louisiana**

A RESIDENT OF EAST BATON ROUGE PARISH

*I made service on the named party through the*

TO:     TRANSPORATION INSURANCE COMPANY
        THROUGH THE LOUISIANA SECRETARY OF STATE
        FOR SERVICE OF PROCESS
        8585 ARCHIVES AVE.
        BATON ROUGE, LA 70809

*Office of the Secretary of State on*

**SEP 1 2 2022**

*by tendering a copy of this document to:*
**JULIE NESBITT**

**DY. M. LOCKWOOD #0803**
*Deputy Sheriff, Parish of East Baton Rouge, LA*

You are named as a defendant in the above captioned matter. Attached to this citation is a:

- ☒ **Certified Copy of Original Petition**
- ☐ **Certified Copy of Amended Petition**
- ☒ **Discovery Request**

The petition was filed into this office on September 1, 2022.

    **YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

### Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### Article 1001 of the Louisiana Code of Civil Procedure states:

**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.** The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 1st day of September, 2022.

                           **THERESA A. ROBICHAUX**
                           **CLERK OF COURT**

              **By:** *Alyson Self Thomassie*
                        **Deputy Clerk of Court**

**Requested by:** Mr. Gregory P. Dileo, Attorney at Law
                300 Lafayette Street, Suite 101, New Orleans, LA 70130; (504) 522-3456

**Returned and Filed**

**SEP 2 0 2022**

_____
**Deputy Clerk of Court**

RECEIVED

**SCANNED**
E.B.R. SHERIFF'S OFFICE
SEP 2 2 2022

[ ORIGINAL ]




## CITATION ON PETITION

BOUDREAUX, KISHA T

Versus

TRANSPORATION INSURANCE COMPANY - ET AL

Civil Case: 0194584
Division: B
32nd Judicial District Court
Parish of Terrebonne
State of Louisiana

A RESIDENT OF EAST BATON ROUGE PARISH

TO:    PROGRESSIVE PALOVERDE INSURANCE COMPANY
THROUGH THE LOUISIANA SECRETARY OF STATE
FOR SERVICE OF PROCESS
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

I made service on the named party through the Office of the Secretary of State on

SEP 1 2 2022

by tendering a copy of this document to:

JULIE NESBITT

BY: M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, LA

You are named as a defendant in the above captioned matter.  Attached to this citation is a:

☒ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☒ **Discovery Request**

The petition was filed into this office on September 1, 2022.

    **YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. O. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C.  The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 1st day of September, 2022.

               **THERESA A. ROBICHAUX**
               **CLERK OF COURT**

By: *Alyson Self-Thomassie*
             Deputy Clerk of Court

**Requested by:** Mr. Gregory P. Dileo, Attorney at Law
             300 Lafayette Street, Suite 101, New Orleans, LA 70130; (504) 522-3456

**Returned and Filed**
SEP 2 0 2022

**Deputy Clerk of Court**

SCANNED

SEP 2 2 2022

E.B.R. SHERIFF'S OFFICE

[ ORIGINAL ]

STEPHEN R. BARRY* †
DAPHNE MCNUTT BARRY
KATHLEEN C. MARKSBURY
W. BRIGGS SCOTT ◊
JAMES J. YOUNG, IV
BILLIE K. WHEELER

\* A PROFESSIONAL LAW CORPORATION
† ALSO ADMITTED IN TEXAS
◊ ALSO ADMITTED IN MISSISSIPPI



405 WEST MAIN STREET
LAFAYETTE, LOUISIANA 70501
TELEPHONE: (337) 237-2889
FACSIMILE: (337) 237-2878

612 GRAVIER STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 525-5553
FACSIMILE: (504) 525-1909

WWW.BARRYLAWCO.COM

PLEASE ADDRESS REPLY TO:
**LAFAYETTE**

October 3, 2022

**Via Fax No. (985) 868-5143**

Terrebonne Parish Clerk of Court
32nd Judicial District Court
**ATTN: Civil Records Department**
P.O. Box 1569
Houma, LA 70361-1569

TERREBONNE CLK OF CT
RCVD 0077 2022×12×

Re :    *Kisha T. Boudreaux, et al v. Transportation Insurance Company, et al*
        *No. 194584, Div. B; 32nd JDC, Terrebonne Parish*
        Our File No.: 2057

Dear Clerk:

Please find enclosed Dilatory Exceptions of Vagueness and/or Ambiguity, Non-Conformity of the Petition with La. Code Civ. Proc. Article 891, Prematurity, and Want of Amicable Demand, a Request for Notice and Rule to Show Cause filed on behalf Progressive Paloverde Insurance Company. We ask that you file into the record of the above captioned matter, submit to the appropriate Judge for consideration and return a conformed copy for our records.

Also please serve a copy of all as follows:

            **Plaintiffs, Kisha H. Boudreaux, Individually,**
            **and on Behalf of her Minor Child,** ▮▮▮▮▮▮▮▮▮
            *Through their counsel of record:*
            **Gregory P. KiLeo, LSV #4943**
            **Benjamin W. Gulick, LSBA #34874**
            **Law Office of Gregory P. DiLeo, APLC**
            **300 Lafayette Street, Suite 101**
            **New Orleans, LA  70130**
            **(504) 522-3456**

Please fax an invoice for the costs of filing and service of pleading to our office and we

ORIGINAL SENT TO

Judge _____ *B* _____

Date _____ *10-10-22* _____

**THERESA A. ROBICHAUX**
**TERREBONNE PARISH CLERK OF COURT**
P. O. Box 1569, Houma, LA 70361-1569
7856 Main Street, Houma, LA 70360
Main Office: (985) 868-5660
Civil Dept. Fax: (985) 868-8166
or (985) 227-4971



Date: _____ October 4, 2022 _____

Sent to: _Barry & Co., LLC_

Attention: _Stephen R. Barry_

Fax Number: _337-237-2878_

IN RE:

Plaintiff: _Kisha T. Boudreaux, et al_

VS. _194584_

Defendant: _Transportation Ins. Co., et al_

Please be advised this office received the following fax filing on the above entitled civil matter on _____ October 3, 2022 _____ :

Dilatory Exception of Vagueness
Memo in Support
RTSC

Total number of pages received by fax (including cover sheet): ___13___

The "estimated cost" to file the fax filing, the original petition and the exhibits (if applicable) and the transmission fee: $ _270.00_

Please send this fax back in the envelope with your original pleading.

Please note that any subpoena by fax request will not be issued until the original request letter is filed.

R.S. 13:850
B.  Within seven days, exclusive of legal holidays, after the
    clerk has received the transmission, the party filing the
    document shall forward the following to the clerk:
    (1) The original signed document.
    (2) The applicable filing fee, if any.
    (3) A transmission fee of five dollars.
C.  If the party fails to comply with requirements of
    Subsection B, the facsimile filing shall have no force
    or effect.

_Larkee Boudwin_
Larkee E. Boudwin
Deputy Clerk of Court
Terrebonne Parish, LA
(985) 868-5660 — ext _3923_

Revised: 03/10/2010

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE
STATE OF LOUISIANA

NO. 194584                                         DIV. "B"

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD,

**VERSUS**

TRANSPORTATION INSURANCE COMPANY, KYLE ROBBINS, SPARKS ENERGY,
INC., AND PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED: _____ OCT - 7 2022 _____     _____
                                        DEPUTY CLERK

## DILATORY EXCEPTIONS OF VAGUENESS AND/OR AMBIGUITY, NON - CONFORMITY OF THE PETITION WITH LA. COD CIV. PRO. ARTICLE 891, PREMATURITY, AND WANT OF AMICABLE DEMAND AND

**NOW INTO COURT**, through undersigned counsel, comes Progressive Paloverde

Insurance Company ("Progressive"), making a special appearance and reserving all rights and

defenses, and hereby excepts to the petition of Kisha T. Boudreaux, Individually and on Behalf of

Her Minor Child, _____ as follows:

Progressive pleads the Dilatory Exceptions of vagueness and/or ambiguity of the Petition,

nonconformity of the Petition with Louisiana Code of Civil Procedure Article 891, prematurity, and

want of amicable demand and the grounds for the foregoing Exceptions are set forth more fully in

the accompanying Memorandum in Support hereof.

Respectfully submitted,

**BARRY & COMPANY, LLC**

/s/ Stephen R. Barry
STEPHEN R. BARRY (#21465)
A Professional Law Corporation
DAPHNE P. MCNUTT (#20292)
W. BRIGGS SCOTT (#36013)
612 Gravier Street
New Orleans, Louisiana
Tel: (504) 525-5553
Email: sbarry@barrylawco.com
Email : dmcnutt@barrylawco.com
Email: bscott@barrylawco.com

**Attorney for Progressive Paloverde Insurance Company**

1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have, on this 3rd day of October, 2022, served a copy of the

above and foregoing pleading on counsel for all parties to this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand Delivery | ☐ | Prepaid U.S. Mail |
| ☒ | Facsimile | ☐ | Federal Express |
| ☒ | Electronic Mail | ☐ | CM/ECF |

*/s/ Stephen R. Barry*
STEPHEN R. BARRY

2

**32ⁿᵈ JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**
**STATE OF LOUISIANA**

NO. 194584                                                    DIV. "B"

**KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF**
**HER MINOR CHILD,** ▮▮▮▮▮▮▮▮▮

**VERSUS**

**TRANSPORTATION INSURANCE COMPANY, KYLE ROBBINS, SPARKS ENERGY,**
**INC., AND PROGRESSIVE PALOVERDE INSURANCE COMPANY**

FILED:_____ **OCT - 7 2022** _____

_____
**DEPUTY CLERK**

---

**RULE TO SHOW CAUSE**                    **ORDER UNSIGNED**

Considering the foregoing Dilatory Exceptions of Vagueness and/or Ambiguity, Non-Conformity of

the Petition with La. Code Civ. Proc. Article 891, Prematurity, and Want of Amicable Demand filed

on behalf Progressive Paloverde Insurance Company:

    **IT IS ORDERED** that Plaintiffs, Kisha H. Boudreaux, Individually, and on Behalf of her

Minor Child,        , show cause on the _____ of 2022, at

_____ o'clock a.m., why the Dilatory Exceptions of Vagueness and/or Ambiguity, Non-

Conformity of the Petition with La. Code Civ. Proc. Article 891, Prematurity, and Want of Amicable

Demand filed on behalf Progressive should not be granted and plaintiffs' claims against Progressive

dismissed with prejudice.

    _____, Louisiana this _____ day of _____, 2022.


_____
**JUDGE, 32ⁿᵈ JUDICIAL DISTRICT COURT**
**TERREBONNE PARISH, STATE OF LOUISIANA**


**PLEASE SERVE:**

**Plaintiffs, Kisha H. Boudreaux, Individually,**
**and on Behalf of her Minor Child,** ▮▮▮▮▮▮
*Through their counsel of record:*
**Gregory P. KiLeo, LSV #4943**
**Benjamin W. Gulick, LSBA #34874**
**Law Office of Gregory P. DiLeo, APLC**
**300 Lafayette Street, Suite 101**
**New Orleans, LA 70130**
**(504) 522-3456**

1

*10-3-77*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have, on this 3rd day of October, 2022, served a copy of the

above and foregoing pleading on counsel for all parties to this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand Delivery | ☐ | Prepaid U.S. Mail |
| ☒ | Facsimile | ☐ | Federal Express |
| ☒ | Electronic Mail | ☐ | CM/ECF |

/s/ Stephen R. Barry
STEPHEN R. BARRY

2

**32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**
**STATE OF LOUISIANA**

NO. 194584                                              DIV. "B"

**KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF**
**HER MINOR CHILD,**

**VERSUS**

**TRANSPORTATION INSURANCE COMPANY, KYLE ROBBINS, SPARKS ENERGY,**
**INC., AND PROGRESSIVE PALOVERDE INSURANCE COMPANY**

FILED:_____OCT - 7 2022_____            _____
                                         **DEPUTY CLERK**

---

**MEMORANDUM IN SUPPORT OF DILATORY EXCEPTIONS OF VAGUENESS**
**AND/OR AMBIGUITY, NON-CONFORMITY OF THE PETITION WITH LA. CODE**
**CIV. PRO. ARTICLE 891, PREMATURITY, AND WANT OF AMICABLE DEMAND**

MAY IT PLEASE THE COURT:

The following Memorandum is submitted in support the Dilatory Exceptions of Vagueness and/or Ambiguity, Non-Conformity of the Petition with La. Code Civ. Proc. Article 891, Prematurity, and Want of Amicable Demand filed on behalf Progressive Paloverde Insurance Company ("Progressive").

I.     **BACKGROUND**

Progressive has been named defendant in the instant suit arising out of an alleged accident involving Plaintiff, Kisha Boudreaux, and named defendant Kyle Robbins ("Robbins"), who is alleged to have rear-ended the Plaintiff's vehicle while he was driving a vehicle on behalf of his alleged employer, named defendant Sparks Energy, Inc. ("Sparks"). Plaintiff claims that she and her minor child were injured in the accident, although the injuries are not specified in any detail. Named defendant Transportation Insurance Company ("TIC") is alleged to be the liability carrier of Robbins and Sparks.

Progressive is the Plaintiff's insurer and the allegations against Progressive arise under the uninsured/under-insured ("UM/UIM") provisions of the policy. However, nowhere in the Petition are any facts pleaded that would be sufficient to state a valid cause of action against Progressive under its UM/UIM policy, and the Petition is rife with the type of vague and conclusory allegations that have routinely been deemed insufficient to comply with Louisiana Code of Civil Procedure 891 and the requirements of fact-pleading. Paragraph XIV-XVI recite only the most generic, and formulaic allegations of harm and damage and do not provide any specific facts applicable to Plaintiffs' claims. Moreover, the sum total of the allegations against Progressive are contained in the

1

FAX FILING  _16-3-22_

following two, wholly conclusory paragraphs:

XVII.

On the date of the collision sued upon herein there was in full force and effect an automobile liability insurance policy issued by defendant Progressive insuring your petitioner and her minor child against (uninsured / under-insured) liability for Robbins' negligent operation of the subject vehicle and against incurred medical expenses, rendering defendant Progressive solidarily liable to your Petitioner for same.

XIX.

Upon information and belief, your petitioner and her minor child were under-insured for their injuries sustained in the above-captioned matter in that defendant Robbins did not carry enough liability insurance through defendant Transportation to adequately compensate Petitioner and her minor child for their injuries, rendering defendant Progressive liable to your petitioner and her minor child in its capacity as their underinsured motorist and medical payments carrier.

## II.  EXCEPTIONS OF VAGUENESS AND/OR AMBIGUITY AND NON-CONFORMITY OF THE PETITION WITH LA. CODE CIV. PRO. ARTICLE 891

Louisiana Code of Civil Procedure Article 891 provides the petition shall set forth a concise statement of all causes of action arising out of, and the material facts of the transaction or occurrence that is a subject matter of litigation. The article thus precludes the use of open-ended allegations, as all material facts of the transaction or occurrence forming the subject matter of the litigation must be set forth particularly, not generally. *Snoddy v. City of Marksville,* 97-27 (La. App. 3 Cir.10/9/97), 702 So.2d 890.

In the Petition Plaintiff herein has included only vague factual allegations lacking in specificity regarding the injuries or damages to which she and her minor child claim entitlement. More importantly, Plaintiff's count against Progressive fails to state a single fact to support the allegation that the alleged at-fault driver Robbins or the employer Sparks are uninsured or underinsured for their injuries, which themselves are utterly lacking in required detail. The lack of specificity of the factual allegations are prohibited under Article 891 as explained by the *Snoddy* court.

The danger inherent in allowing open-ended allegations was first recognized by the court in *Sykes v. McLean Trucking Company,* 383 So.2d 111 (La. App. 3 Cir.1980). In that case, the injuries which plaintiff initially alleged were "severe and painful personal injuries, *including but not limited to,* an acute cervical and lumbar strain". (Emphasis added by court). *Sykes,* supra, at 114. At trial, the defendants objected when the plaintiff attempted to prove that the plaintiff also suffered from headaches. The trial court allowed the evidence pertaining to headaches and the Third Circuit

2

affirmed, stating:

"[T]he *Exception of Vagueness* had been available to defendants if they had wished to be better apprised of [the plaintiff's] injuries. Instead, the defendants chose to let the matter lie, taking their chances at being sustained in objecting to the evidence at trial." (Emphasis added).

There was a similar result in the case of *Guillory v. Simmons,* 399 So.2d 795 (La. App. 3 Cir. 1981), wherein the Third Circuit ruled a defendant had waived any right to object to the expansion of the pleadings at trial because it had failed to raise a dilatory exception of vagueness to non-exclusive, general, and open-ended pleadings.

More recently, the courts have been even more clear in their treatment of these open-ended allegations. In *Snoddy,* supra the Court found that "open-ended allegations should be met with either Dilatory Exception of Vagueness or Motion to Strike," and further, that "open-ended allegations should be struck." *Snoddy,* supra, at 9. More specifically, the *Snoddy* Court found that the following phrases are "general, open-ended allegations" and should be struck from a petition:

1) "Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter,"

2) "Any and all other damages shown at trial;" and 3) "including, but not limited to." Id.

The *Snoddy* Court went on to explain why either a Dilatory Exception of Vagueness or a Motion to Strike should be maintained, stating as follows:

> "By filing such, the petitioner is placed on notice that she should specifically plead negligence and damages and that she cannot rely on general, open-ended allegations. Just as open-ended allegations do not fairly allow a defendant to form a defense, failure to object to them places the petitioner in the position that she may feel entitled to offer proof of 'any and all negligence' as well as 'any and all damages' at the trial on the merits. Either situation allows the unwary to fall into a trap." *Sykes,* at 114.

In this case, the language of Plaintiffs' Petition is similarly nonspecific, general, and open-ended. The broad and generic "form language" of the Petition "does not allow a defendant to form a defense." It leads the pleader to "feel entitled" to offer proof of anything at all at trial.

Progressive is sued in its capacity as UM/UIM carrier only. In order to state a claim for such benefits, the Plaintiff bears to burden to establish entitlement, which is grounded on the necessity of specific allegations and proof.

> "Satisfactory proof of loss" in a claim pursuant to UM coverage is receipt by the insurer of "sufficient facts which *fully apprise* the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or under insured; (2) that he [or she] was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *McDill v. Utica Mutual Insurance Company, 475 So.2d 1085, 1089 (La.1985). Reed v. State*

3

*Farm Mut. Auto. Ins. Co., 03-107, pp. 15- 16 (La. 10/21/03), 857 So.2d 1012, 1022* (emphasis added).

As set forth above, the Petition only vaguely references an allegation that Robbins and Sparks Energy are "on information and belief" underinsured.  The Petition gives no clue as to what the "information" is nor from where the Plaintiff's "belief" is derived.  In addition to being devoid of any facts setting for the nature or extent of the injuries and damages to Plaintiff and her minor child, the Petition nowhere mentions what the limits are of the TIC policy at issue or whether the driver Robbins or his alleged employer Sparks has any other form of liability or excess coverage. A wholly conclusory statement of this nature does not make a cause of action by the Plaintiff against her UM carrier, and it does not establish even the basic prerequisites for triggering UM coverage.

In fact, the language in the Petition excepted to herein is precisely the type of language the courts have said should be stricken.  Therefore, Progressive prays that this Honorable Court grant the Exceptions stated herein and strike all vague allegations, resulting in a dismissal of the Petition with respect to all claims against Progressive.

**III.   EXCEPTION OF PREMATURITY**

In addition and/or in the alternative, Progressive submits that the Petition should be dismissed as to the claims against Progressive on the grounds that any claim for uninsured or underinsured motorist coverage is premature at best, assuming- for the purposes of this Exception only- that such as claim would ever exist under the facts of this case. As mentioned above, Plaintiff has not stated sufficient facts to trigger a claim against Progressive under the UM/UIM provisions of her policy and the Petition simply does not establish the prerequisites to coverage. It is the Plaintiff's burden to allege facts and prove that either (1) the allegedly at-fault driver (co-defendant Robbins) was uninsured for liability or that (2) that the allegedly at-fault driver had insufficient liability insurance in place to cover the damages alleged in the Petition.  The Plaintiff must then prove that she was damaged by the fault of such driver and the extent of those damages.

As to the first criteria, nowhere is it alleged in the Petition that the alleged at-fault driver is uninsured; in fact, the Petition states just the opposite. It states that co-defendant TIC insured Robbins and Sparks for this accident.  As to the second possible grounds for UM/UIM coverage, the Petition similarly fails to satisfy the prerequisites to coverage as there is no valid assertion of facts that would comprise a requisite proof of loss or lend support to a contractual claim against Progressive.  Again, the damages are not specified much less the extent of those damages.  Mere unspecified "information and belief" that the alleged at-fault parties are "underinsured" does not

4

suffice to establish the existence or ripeness of a claim for UM/UIM coverage. For this reason, the Exception stated herein should likewise be granted resulting in a dismissal of the Petition with respect to all claims against Progressive.

## IV.   EXCEPTION OF WANT OF AMICABLE DEMAND

Progressive further submits that the Petition suffers the defects of want of amicable demand as to the claims against Progressive.  As Plaintiff alleges a first party claim for insurance benefits against Progressive, she bears the burden to present a claim to Progressive with satisfactory proof of loss. This has not occurred and is not alleged in the Petition. For this reason, the Exception stated herein should likewise be granted resulting in a dismissal of the Petition with respect to all claims against Progressive.

## V.   CONCLUSION

In light of the foregoing, Progressive Paloverde Insurance Company respectfully requests the Dilatory Exceptions be sustained. The Court should issue an order dismissing the claims against Progressive, or striking all open-ended and general allegations in the Petition for Damages.

Respectfully submitted,

**BARRY & COMPANY, LLC**

*/s/ Stephen R. Barry*
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
DAPHNE P. MCNUTT (#20292)
W. BRIGGS SCOTT (#36013)
612 Gravier Street
New Orleans, Louisiana
Tel: (504) 525-5553
Email: sbarry@barrylawco.com
Email : dmcnutt@barrylawco.com
Email: bscott@barrylawco.com

***Attorney for Progessive Paloverde Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this 3rd day of October, 2022, served a copy of the above and foregoing pleading on counsel for all parties to this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand Delivery | ☐ | Prepaid U.S. Mail |
| ☒ | Facsimile | ☐ | Federal Express |
| ☒ | Electronic Mail | ☐ | CM/ECF |

*/s/ Stephen R. Barry*
STEPHEN R. BARRY

5

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE
STATE OF LOUISIANA

NO. 194584                                                    DIV. "B"

KISHA T. BOUDREAUX, INDIVIDUALLY AND ON BEHALF OF
HER MINOR CHILD, ███████████████

**VERSUS**

TRANSPORTATION INSURANCE COMPANY, KYLE ROBBINS, SPARKS ENERGY,
INC., AND PROGRESSIVE PALOVERDE INSURANCE COMPANY

FILED:_____OCT - 7 2022_____          _____
                                         **DEPUTY CLERK**

---

## REQUEST FOR NOTICE

TO THE CLERK OF COURT in and for the Parish of Terrebonne:

PLEASE TAKE NOTICE that undersigned counsel, attorney for parties listed, does

hereby request written notice of the date of trial of the above matter, as well as notice of

hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any

and all formal steps taken by the parties herein, the Judge or any member of Court, as provided

in the *Louisiana Code of Civil Procedure,* particularly *Articles 1571,1572, 1913* and *1914*

thereof.

Respectfully submitted,

**BARRY & COMPANY, LLC**

*/s/ Stephen R. Barry*
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
DAPHNE P. MCNUTT (#20292)
W. BRIGGS SCOTT (#36013)
612 Gravier Street
New Orleans, Louisiana
Tel: (504) 525-5553
Email: sbarry@barrylawco.com
Email : dmcnutt@barrylawco.com
Email: bscott@barrylawco.com

***Attorney for Progessive Paloverde Insurance Company***

1